JAMES M. BRYSON, II, AND LOIS I. BRYSON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JAMES P. BRYSON, DECEASED v. RACHEL B. SULLIVAN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MILLIE P. BRYSON, DECEASED

No. 9019SC739

(Filed 5 March 1991)

1. **Rules of Civil Procedure § 11 (NCI3d)— sanctions—attorney fees—voluntary dismissal with prejudice**

   The trial court was not deprived of jurisdiction to determine the appropriateness of attorney fees under N.C.G.S. § 1A-1, Rule 11 or N.C.G.S. § 6-21.5 because the plaintiffs filed a voluntary dismissal with prejudice. Attorney fee requests under Rule 11 and N.C.G.S. § 6-21.5 raise collateral issues which often require consideration by the trial court after the action has been terminated, and a voluntary dismissal does not deprive the court of jurisdiction to determine those collateral issues. N.C.G.S. § 1A-1, Rule 41(a)(1).

   **Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 39.**

2. **Rules of Civil Procedure § 11 (NCI3d)— sanctions—general principles**

   The discretionary decision of whom to sanction generally depends upon the type of sanctionable conduct which has oc-

1

BRYSON v. SULLIVAN

[102 N.C. App. 1 (1991)]

curred, namely law, fact, or improper purpose. In the absence of proof that a reasonable person in the client's position would have been aware of Rule 11 legal deficiencies, the attorney should bear the sole responsibility for submitting a pleading or motion not warranted by law in violation of Rule 11. When a client provides material facts to his lawyer that he should have known were false or incomplete, and these facts are used as a basis for the filing of a pleading, motion, or other paper, the client is subject to sanctions. Generally, since the lawyer exercises primary control over the litigation, the responsibility for improper purpose violations should rest with the lawyer. Whether the pleading was filed for an improper purpose must be reviewed under an objective standard and, when a complaint satisfies the law and fact prongs of a Rule 11 analysis, the complaint cannot be deemed to have been interposed for an improper purpose.

**Am Jur 2d, Damages § 616.**

3. **Rules of Civil Procedure § 11 (NCI3d)— sanctions against attorney—never requested**

Defendants were not entitled to sanctions against plaintiffs' attorney where the defendants never requested that the trial court impose sanctions on the plaintiffs' attorney nor did the trial court upon its own initiative seek sanctions against the plaintiffs' attorney.

**Am Jur 2d, Damages § 616.**

4. **Rules of Civil Procedure § 11 (NCI3d)— sanctions against client—legal bars to claims**

The denial of sanctions against plaintiffs (the clients) based upon knowledge of legal bars to the claims asserted was remanded for determination of whether plaintiffs undertook a reasonable inquiry into the law and, based upon the results of the inquiry, whether plaintiffs reasonably believed that their complaint was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Reliance on counsel by non-lawyers as to issues of law is relevant, but not conclusive evidence on the issue of reasonable inquiry.

**Am Jur 2d, Damages § 616.**

**5. Rules of Civil Procedure § 11 (NCI3d)— sanctions—against client—improper purpose**

A trial court order denying Rule 11 sanctions against the client for filing a pleading for an improper purpose was vacated and remanded where the trial court apparently determined that reliance on counsel precluded an order of sanctions based upon improper purpose. While reliance on counsel is relevant to the issue of purpose, it is not dispositive.

**Am Jur 2d, Damages § 616.**

**6. Costs § 36 (NCI4th)— nonjusticiable case—attorney fees**

The imposition of attorney fees under N.C.G.S. § 6-21.5 was remanded for determination of whether plaintiffs should reasonably have been aware that their complaint contained no justiciable issue of law where it was determined that the complaint, when read in conjunction with the answer, does not facially present any justiciable issue of law. The fact that plaintiffs acted in good faith and upon advice of counsel is insufficient.

**Am Jur 2d, Damages § 616.**

APPEAL by defendants from order filed 24 May 1990 in RANDOLPH County Superior Court by *Judge W. Steven Allen.* Heard in the Court of Appeals 16 January 1991.

*Moser, Ogburn, Heafner, Schmidly & Wells, by John N. Ogburn, Jr., and Stephen S. Schmidly, for plaintiff-appellees.*

*Wyatt Early Harris Wheeler & Hauser, by William E. Wheeler, for defendant-appellants.*

GREENE, Judge.

In this civil action, defendants appeal the denial of their request for attorney fees which they sought under both N.C.G.S. § 1A-1, Rule 11 (Rule 11) and N.C.G.S. § 6-21.5 (1986).

The evidence before the trial court revealed these relevant facts: Defendant Rachel B. Sullivan (Rachel) is the daughter of Millie P. Bryson (Millie). Plaintiff James M. Bryson, II (Marc) is the grandson of Millie and the son of James P. Bryson (James) and Lois I. Bryson (Lois). James died in December 1986 and Lois was appointed administratrix of his estate. Millie suffered a stroke

in August 1983 and from September 1983 to February 1987 she lived with and was cared for by James (until his death), Lois and Marc. From February 1987 to May 1989 Millie was cared for by Rachel.

On 26 June 1987, Millie filed a claim against Marc, Lois, individually and as administratrix of the estate of James, and others alleging that they had misappropriated and converted her property. Millie was declared incompetent on 16 December 1987, and Rachel was appointed her general guardian. This claim filed by Millie was eventually settled on 24 April 1989 with the execution of a consent decree. The parties executing the consent decree were Rachel, as guardian for Millie, Lois, individually and as administratrix of the estate of James, and Marc. McNeill Smith was the attorney for Marc and Lois in her individual capacity and in her capacity as administratrix of the estate of James.

The consent decree provided in pertinent part:

> Any and all other claims, actions or causes of action which any of the parties might have had or might have against any of the other parties have been fully compromised, adjusted and settled; no party has admitted or been adjudged of any wrongdoing or fault on account of any matters alleged or which might have been alleged in the Complaint or Answer; and neither the plaintiff, her guardian or successor guardian, her representative or estate, nor any of the defendants, his or her representatives, successors or assigns, individually or in any capacity, shall recover anything further of any other party on account of anything occurring before the date of this judgment.

Millie died intestate on 10 May 1989 and Rachel was appointed administratrix of her estate. On 2 June 1989 Rachel sought and received from the Clerk of Superior Court of Randolph County an order allowing $14,400.00 as reimbursement to her for "room, board and transportation" provided by Rachel to Millie from December 1987 through May 1989. On 5 October 1989, Lois, as administratrix of the estate of James, and Marc petitioned the Clerk of Superior Court of Randolph County to set aside the award to Rachel. The clerk denied the petition. On 22 November 1989, Marc and Lois, in her individual capacity and in her capacity as administratrix of the estate of James, filed a claim against Millie's estate for services rendered to Millie from September 1983 through

## BRYSON v. SULLIVAN

[102 N.C. App. 1 (1991)]

February 1987. Rachel in her capacity as administratrix of the estate for Millie denied this claim.

Some short time before 22 February 1990, McNeill Smith advised Lois that "there was [sic] elements in . . . [the 24 April 1989 consent order] which [had been] breached on the other side. One of the principal ones being the . . . [petition filed by Rachel seeking reimbursement for room, board and transportation provided for Millie]. . . ." McNeill Smith further advised Lois that "if you're going to do anything, though . . . you've got to file it within the three months because the statute is very clear that the Superior Court is the place to consider the validity of the claim and you've got some guidance, take it and you ought to do it and you ought not to let the 3 months go by. But I might very well be a witness." McNeill Smith called Jack Ogburn, an attorney in Randolph County, who agreed to file this complaint and did so on 22 February 1990. The complaint sought to recover: (1) For services allegedly rendered to Millie; (2) for alleged self-dealing on the part of Rachel; and (3) breach of fiduciary duty on the part of Rachel. The lawsuit was filed by Marc and Lois in her individual capacity and in her capacity as administratrix of the estate of James.

On 12 March 1990, Rachel in her individual capacity and in her capacity as administratrix of the estate of Millie filed an answer and among other things pled the statute of limitations, the release contained in the 24 April 1989 consent decree, and *res judicata*. Rachel's answer also included a motion for "sanctions pursuant to Rule 11." Specifically, Rachel alleged:

Plaintiffs' complaint was signed and verified in violation of Rule 11 . . . in that it was knowingly filed and served in the face of obvious defenses in bar of plaintiffs' claims of which plaintiffs and their counsel had prior actual notice and which notice was a matter of public record. . . .

Plaintiffs' complaint . . . was interposed for no other purpose than to harass defendant, cause unnecessary delay in the administration of the estate of Millie P. Bryson . . . and [has] needlessly increased the cost of the administration of the estate of Millie P. Bryson, deceased, resulting in loss to the estate and its beneficiaries.

> Defendant is entitled to have the Court impose sanctions upon plaintiffs for violation of Rule 11 . . . by way of expenses incurred in defending this action and matters related thereto.

Rachel further requested in her answer an award for reasonable attorney fees pursuant to N.C.G.S. § 6-21.5. Specifically, she alleged:

> Plaintiffs' complaint completely fails to raise any justiciable issue of law or fact. As a result defendant is entitled to an award of reasonable attorney fees assessed against plaintiffs pursuant to N.C. Gen. Stat. § 6-21.5.

On 30 April 1990, the plaintiffs voluntarily dismissed their "action pursuant to Rule 41(a) of the Rules of Civil Procedure with prejudice." On 10 May 1990, the defendants' motion for sanctions and for attorney fees came on for hearing. At that hearing the attorney for the defendants stated in open court:

> I want that clear. We are not asking of Mr. Ogburn's firm to be assessed with any legal fees. The Plaintiffs have had three lawyers that I know of and so perhaps Mr. Ogburn's firm could have by more diligence found out more things about this before they got into it, but that occurs sometimes. But the Plaintiff[s] certainly knew what the situation was. So we asked that the Plaintiff[s] be taxed because they have failed to comply with the standard of objective reasonableness as to whether or not there was a valid claim, and likewise, with G.S. 6-21.5 as to whether or not there are . . . [justiciable issues of law or fact]. . . .

In denying the defendants' request for sanctions and attorney fees, the trial court entered thirty-eight separate findings of fact, only two of which the defendants contend are not supported by the evidence. They include:

> 36. At the hearing, Defendant's counsel admitted that the Defendants sought sanctions upon and attorneys fees from the Brysons and not their attorneys.
>
> . . . .
>
> 38. The Brysons filed this lawsuit in good faith and after diligent inquiry of counsel.

The trial court entered the following pertinent conclusions of law:

BRYSON v. SULLIVAN

[102 N.C. App. 1 (1991)]

1. Plaintiffs voluntary dismissal of their action does not relieve this Court of its duty to consider the Rule 11 and attorneys fees Motions on the merits.

. . . .

14. Plaintiffs have at all times relied on the advice of competent counsel in pursuing their claims and their causes have been well grounded in fact and law.

The defendants now contend that they are entitled to attorney fees against either plaintiffs or their attorney under both Rule 11 and N.C.G.S. § 6-21.5.

---

The issues presented are (I) whether under Rule 11 the defendants (A) were entitled to attorney fees from plaintiffs' attorney, and (B) were entitled to attorney fees from plaintiffs; and (II) whether under N.C.G.S. § 6-21.5 the defendants (A) were entitled to attorney fees from plaintiffs' attorney, and (B) were entitled to attorney fees from plaintiffs.

[1] We first address the question of whether the trial court was deprived of jurisdiction to determine the appropriateness of attorney fees under Rule 11 or N.C.G.S. § 6-21.5 because the plaintiffs filed a voluntary dismissal with prejudice pursuant to Rule 41(a)(1). The trial court concluded that it was not deprived of such jurisdiction and we agree.

As a general rule, "where plaintiff takes a voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(1), no suit is pending thereafter on which the court could make a final order." *Ward v. Taylor*, 68 N.C. App. 74, 78, 314 S.E.2d 814, 818, *disc. rev. denied*, 311 N.C. 769, 321 S.E.2d 157 (1984). However, the trial court retains authority to apportion and tax court costs. *Id.* at 79, 314 S.E.2d at 819. Attorney fees under Rule 11 and N.C.G.S. § 6-21.5 are not taxed as part of the costs of court. *See* Rule 11; N.C.G.S. § 6-21.5; *compare* N.C.G.S. § 6-21.1 (1986) (attorney fees included as part of costs) *and* N.C.G.S. § 75-16.1 (1988) (attorney fees taxed as part of court costs). Nonetheless, attorney fee requests under Rule 11 and N.C.G.S. § 6-21.5 raise collateral issues which often require consideration by the trial court after the action has been terminated, and a voluntary dismissal under 41(a) does not deprive the trial court of jurisdiction to determine these collateral issues. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. ---, ---, 110 L.Ed.2d

BRYSON v. SULLIVAN

[102 N.C. App. 1 (1991)]

359, 376 (1990) (Rule 11 sanction is collateral issue and may be addressed "after the principal suit has been terminated"). To hold otherwise would allow a litigant or attorney to "purge his violation of Rule 11 [or N.C.G.S. § 6-21.5] merely by taking a dismissal, . . . [and thereby lose] all incentive to 'stop, think and investigate more carefully before serving and filing papers.'" *Id.* at ---, 110 L.Ed.2d at 377 (citation omitted).

I

RULE 11

[2] "Rule 11 raises three interconnected interpretive issues for the court: (1) *When* has sanctionable conduct occurred? (2) *Who* should be sanctioned—attorney, client, or both? (3) *What* sanction is appropriate?" Note, *A Uniform Approach to Rule 11 Sanctions*, 97 Yale L.J. 901, 905 (1988) (emphases in text). This appeal raises only issues related to when and whom to sanction.

WHEN

The central feature of Rule 11 is a certification established by the signature of the person signing the pleadings, motions, or other papers. This certification includes:

> (1) that the signer has conducted a reasonable inquiry into the facts that support the pleading, motion or other paper; (2) that the signer has conducted a reasonable inquiry into the law such that the paper embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing legal principles; and (3) that the paper is not interposed for any improper purpose.

G. Joseph, Sanctions: The Federal Law of Litigation Abuse § 6(C), at 85 (1989). Rule 11 should "not have the effect of chilling creative advocacy," *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir. 1989), and therefore, in determining compliance with Rule 11, "courts should avoid hindsight and resolve all doubts in favor of the signer." *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1469-70 (2d Cir. 1988), *rev'd in part on other grounds*, 493 U.S. 120, 107 L.Ed.2d 438 (1989). Furthermore, whether the certification requirements have been met requires an objective determination. *Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989) (*Turner I*); *see also Hays v.*

**BRYSON v. SULLIVAN**

[102 N.C. App. 1 (1991)]

*Sony Corp. of America,* 847 F.2d 412, 418 (7th Cir. 1988) (Rule 11 establishes negligence standard).

### WHO

"Sanctions may be imposed on the signer of the offending pleading, motion or other paper; on the signer's client; or both." G. Joseph, *supra,* app. at 627; Rule 11 (sanctions may be entered against "represented party"). "Sanctions should be allocated among the persons responsible for the offending pleading, motion or other paper, based upon their relative culpability." G. Joseph, *supra,* § 16(E)(1), at 262. However, whether the Rule 11 violation is one of law, fact, or improper purpose, if the prejudice caused by the violation can only be remedied by entry of sanctions against the client, such sanctions are appropriate. *Turner v. Duke Univ.,* 101 N.C. App. 276, 280-81, 399 S.E.2d 402, 405 (1991) (*Turner II*) (client innocent of Rule 11 violations forced to undergo new trial because of misconduct of attorney); *see also* G. Joseph, *supra,* § 16(C)(1), at 235 (listing five purposes for which a court may impose Rule 11 sanctions, including the alleviation of prejudice to an offended person). The discretionary decision of whom to sanction generally depends upon the type of sanctionable conduct which has occurred, namely law, fact, or improper purpose.

*Law*: In the absence of proof that a reasonable person in the client's position would have been aware of the Rule 11 legal deficiencies, "the attorney should bear sole responsibility for submitting a pleading or motion not warranted by law in violation of Rule 11. Normally a [non-lawyer] client will not be in a position to judge the validity of, or to urge her lawyer to make, unwarranted legal claims." Note, *supra,* at 914; *see* G. Joseph, *supra,* § 16(E)(1), at 262-63; *see also Turner,* 325 N.C. at 164, 381 S.E.2d at 713 (standard under Rule 11 is "one of objective reasonableness"); *Borowski v. DePuy, Inc.,* 850 F.2d 297, 305 (7th Cir. 1988) ("[C]ourts generally impose sanctions entirely on counsel when the attorney has failed to research the law or is responsible for sharp practice. . . . The rationale behind this is that the attorney and not the client should bear the sanction for filing papers which violate Rule 11 by being unsupported by existing law, or as an attempt to modify well-settled law") (citations omitted).

*Facts*: When a client provides material facts to his lawyer that he should have known were false or incomplete, and these facts are used as a basis for the filing of a pleading, motion, or

other paper, the client is subject to sanctions. *See Turner*, 325 N.C. at 164, 381 S.E.2d at 713 (standard under Rule 11 is "one of objective reasonableness"). However,

> [c]lients should not be sanctioned . . . when the attorney fails to ask the right questions to elicit legally relevant facts. In addition, the attorney should be sanctioned for failure to take minimal steps to confirm the client's facts, when these facts could be verified easily by reference to the public record or to accessible documents.

Note, *supra*, at 915-16; *see* G. Joseph, *supra*, § 16(E)(1), at 263-64. "Where a party misleads an attorney as to facts or the purpose of the lawsuit, but the attorney nevertheless had an objectively reasonable basis to sign the papers in question, then sanctions on the party alone are appropriate." *Calloway*, 854 F.2d at 1475.

*Improper purpose*: Generally, since the lawyer exercises primary control over the litigation, the responsibility for improper purpose violations should rest with the lawyer. However, "the sanction may fall in equal or greater proportion upon the client as well" as this "allocation serves punitive and deterrent purposes. . . ." G. Joseph, *supra*, § 16(E)(1), at 264; *see also* Note, *supra*, at 916-17 (sanctions against the client appropriate where improper purpose exists because client "is moving force" and "to impose sanctions on attorneys would not deter the client"); *United States v. Allen L. Wright Dev. Corp.*, 667 F. Supp. 1218, 1221 (N.D. Ill. 1987) (attorney and client sanctioned on ground of improper purpose).

There is some dispute about whether an objective or a subjective standard is to be used in determining improper purpose, and "about the extent, if any, to which the alleged offender's subjective state of mind should be considered" in the inquiry. G. Joseph, *supra*, § 13(A), at 180. This dispute has arisen primarily because the "reasonable inquiry" language of Rule 11, which language gives rise to the objective reasonableness standard under Rule 11, is not specifically a part of Rule 11's "improper purpose" prong. *See* G. Joseph, *supra*, § 12(A), at 172. Nevertheless, "[t]his dispute is largely semantic. When a court is called upon to determine whether a signer has violated the improper purpose clause, the court can do so only by inferring the signer's intent from his or her objective behavior." *Id.* § 13(A), at 181. Accordingly, whether the pleading was filed for an improper purpose must be reviewed under an

objective standard. *Turner*, 325 N.C. at 164, 381 S.E.2d at 713; G. Joseph, *supra*, § 13(A), at 179.

Furthermore, when a complaint satisfies the law and fact prongs of a Rule 11 analysis, the complaint cannot be deemed to have been interposed for an improper purpose. *Jennings v. Joshua Indep. School Dist.*, 877 F.2d 313, 320 (5th Cir. 1989), *cert. denied*, --- U.S. ---, 110 L.Ed.2d 660 (1990); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986); *see also* G. Joseph, *supra*, § 14(A), at 187; *compare Aetna Life Ins. Co. v. Alla Medical Servs., Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988) (though "non-frivolous *complaint* can never violate Rule 11, even if it was filed for an improper purpose," a non-frivolous *motion* which is filed for an improper purpose may violate Rule 11) (emphasis in text); *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1130 (5th Cir. 1987) ("the filing of successive *motions*, each of which is individually well founded in fact and law, could under various circumstances constitute an improper purpose under Rule 11") (emphasis added); G. Joseph, Sanctions: The Federal Law of Litigation Abuse § 13(C), at 36 (1989 & Supp. 1990).

A

Sanctions Against Attorney

[3] On the issue of whether defendants are entitled to sanctions against plaintiffs' attorney, the trial court specifically found as a fact that at the sanctions hearing the defendants' counsel admitted that the defendants sought sanctions only against the "Brysons and not their attorneys." This finding is supported by competent evidence in the record, and we are bound by the finding. *Hinson v. Jefferson*, 287 N.C. 422, 429, 215 S.E.2d 102, 107 (1975). Furthermore, the written motion for sanctions only requested the court "impose sanctions upon plaintiffs for violations of Rule 11." The defendants never requested the trial court impose sanctions on the plaintiffs' attorney nor did the trial court "upon its own initiative" seek sanctions against the plaintiffs' attorney. *See* Rule 11. Therefore, this Court will not now entertain such sanctions.

B

Sanctions Against Client

[4] Defendants do not claim that plaintiffs provided any false or incomplete facts to their attorneys. Instead, defendants claim that

plaintiffs knew that there existed legal bars to the claims asserted, namely, that "the three-year statute of limitations had run," "that [plaintiffs] had signed a release" which released their claims against these defendants, and that the court "had no jurisdiction over [the] matters" asserted in this lawsuit.

When a motion is made for sanctions pursuant to Rule 11 and "the nature of the alleged violation is legal, rather than factual," Rule 11 requires a two-part analysis. G. Joseph, *supra*, § 17(B)(1), at 63 (Supp. 1990). In such cases,

> [1] the court should first scrutinize the challenged paper. If, on its face, the paper states a plausible legal theory (either under existing law or a good faith argument for a change in the law), there is no need for further inquiry. [2] Only if the court concludes that the paper is not facially plausible in its legal analysis is there a need for further scrutiny into the actual conduct of the signer in researching or otherwise gathering the law.

*Id.* The movant bears the burden of persuasion on the first prong of the two-part analysis and the burdens of proof and persuasion on the second prong. G. Joseph, *supra*, § 17(B)(1), at 276.

Under the first prong of the required analysis, we determine whether the complaint, when read in conjunction with the answer, states a plausible legal argument either under existing law or a good faith argument for a change in the law. *Cf. Sunamerica Fin. Corp. v. Bonham*, 328 N.C. 254, 400 S.E.2d 435 (1991) (complaint read with responsive pleadings in determining whether attorney fees should be awarded under N.C.G.S. § 6-21.5). A legal argument is plausible if "it is likely to succeed on the merits or if reasonable persons could differ as to the likelihood of its success on the merits." G. Joseph, *supra*, § 11, at 161.

Here, plaintiffs' complaint, read alone, states a plausible legal argument for recovery. However, defendants' answer pled twenty-four defenses, many of which are affirmative defenses which would create an absolute bar to plaintiffs' claims, such as real party in interest, *res judicata*, compromise and settlement, absence of subject matter jurisdiction, accord and satisfaction, release, statute of limitations, and others. Therefore, the complaint, when read in conjunction with the answer, does not state a legal argument which is "likely to succeed on the merits," nor one as to which

"reasonable persons could differ" regarding the "likelihood of its success on the merits." Accordingly, plaintiffs' complaint does not advance a "facially plausible" legal argument.

Having determined that this complaint, when read in conjunction with the answer, is not facially plausible in its legal basis, we next determine whether "to the best of [plaintiffs'] . . . knowledge, information and belief, after reasonable inquiry . . . [the complaint was] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *See* Rule 11. Therefore, even if plaintiffs sincerely believed in the merits of their .claim, sanctions nonetheless may be appropriate.

The plaintiffs argue that their conduct was reasonable as a matter of law because they received and relied on the advice of counsel in filing their complaint. We disagree. Reliance on counsel by non-lawyers as to issues of law, is relevant, but not conclusive evidence on the issue of "reasonable inquiry." *Cf. Bassinov v. Finkle*, 261 N.C. 109, 112, 134 S.E.2d 130, 132 (1964) (advice of counsel in malicious prosecution action is evidence on the "issues of probable cause and malice"). The reasonableness of the reliance would depend upon the surrounding circumstances including the extent of knowledge possessed by the lawyer about the facts of the controversy, the history and duration of the relationship between the attorney and client, and the relative expertise of the attorney relating to the legal issues involved. It is appropriate, however, to consider in evaluating the reasonableness of the inquiry that non-lawyers are not expected to appreciate the nuances of subtle legal issues.

The fact that we have determined the plaintiffs' claims in the face of the answer are not facially plausible does not give rise to a presumption that an insufficient legal inquiry was undertaken by the plaintiffs. Claims that lack "any semblance of plausibility may give rise to the inference that no adequate legal inquiry was undertaken. . . . However, courts should not be too quick to infer inadequate inquiry based on conclusions of implausibility." G. Joseph, *supra*, § 10(A)(4), at 143-44.

Here the trial court found as a fact that the plaintiffs acted in good faith and upon the advice of counsel. These findings are insufficient, and this issue must be remanded for determination of whether (1) the plaintiffs undertook a reasonable inquiry into the law, and (2) based upon the results of the inquiry, they reasonably believed that their complaint was "warranted by existing law or

a good faith argument for the extension, modification, or reversal of existing law." *See* Rule 11.

[5]   The defendants also argue that plaintiffs are subject to sanctions because the pleadings were filed for an improper purpose, namely "to harass defendant, cause unnecessary delay in the administration of the estate of Millie P. Bryson . . . and . . . [increase] needlessly . . . the cost of the administration of the estate of Millie P. Bryson. . . . " Here the trial court entered no specific conclusions of law on improper purpose, concluding only that "plaintiffs at all times relied on advice of counsel." The trial court apparently determined that reliance on counsel precluded an order of sanctions based upon improper purpose. This was an incorrect assumption. While reliance on counsel is relevant on the issue of purpose, it is not dispositive. Therefore, as this conclusion is inadequate to support the order that defendants were not entitled to sanctions for improper purpose, we vacate the trial court's order. Because the defendants do not claim a "fact" basis for Rule 11 sanctions, if on remand the trial court determines that plaintiffs made a reasonable inquiry into the law and based upon the inquiry reasonably believed that the complaint was legally sufficient, the filing of this complaint cannot be for an improper purpose. If on remand the trial court concludes otherwise, the trial court should then address the issue of whether the complaint was filed for an improper purpose, such purpose to be ascertained from the plaintiffs' objective behavior. The burden of proof for this issue is on the defendants.

II

N.C.G.S. § 6-21.5

.  N.C.G.S. § 6-21.5 raises two issues for the Court: (1) *When* is an award of attorney fees authorized? (2) *Who* should pay the attorney fees — attorney, client, or both?

WHEN

[6]   To recover attorney fees under N.C.G.S. § 6-21.5, the party claiming attorney fees must be the "prevailing party," and there must be "a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." The dismissal of a claim with prejudice "is tantamount to a judgment on the merits for the defendants," and thus renders the defendants the prevailing parties. *Sheets v. Yamaha Motors Corp., U.S.A.,* 891

BRYSON v. SULLIVAN

[102 N.C. App. 1 (1991)]

F.2d 533, 539 (5th Cir. 1990); *see also* Annotation, *Dismissal Of Plaintiff's Action As Entitling Defendant To Recover Attorneys' Fees or Costs As "Prevailing Party" or "Successful Party,"* 66 A.L.R.3d 1087, 1090 (1975). Here, the defendants were the prevailing parties for purposes of N.C.G.S. § 6-21.5 because the plaintiffs dismissed their complaint with prejudice.

The statute provides an exception from attorney fee liability which states that one "who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees." *Id.* This same phraseology exists in Rule 11, and "[w]hether a pleading, motion or other paper is warranted by a good faith argument for the extension, modification, or reversal of existing law [under Rule 11] is judged under a standard of objective reasonableness." G. Joseph, *supra*, § 12(A), at 172; *Turner*, 325 N.C. at 164, 381 S.E.2d at 713. "[T]he objective standard is derived from the 'reasonable inquiry' language" of Rule 11. G. Joseph, *supra*, § 12(A), at 172. However, N.C.G.S. § 6-21.5 does not contain the "reasonable inquiry" language which gives rise to the objective standard under Rule 11. Nonetheless, consistent with *Sunamerica*, application of the N.C.G.S. § 6-21.5 exception requires the use of an objective reasonableness standard. *See Sunamerica*, 328 N.C. at 258, 400 S.E.2d at 438 (applying objective reasonableness standard to N.C.G.S. § 6-21.5).

## Who

N.C.G.S. § 6-21.5 does not specify whether it is the losing party or his attorney or both who may be ordered to pay the attorney fees. Since the fee ordered under N.C.G.S. § 6-21.5 is not considered a part of the court costs, the trial court is not limited to ordering the losing party to pay any fee awarded. *See* 20 Am. Jur. 2d *Costs* § 30 (1965) (court costs generally taxed only against parties). Where appropriate, the trial court may assess the awarded attorney fees against the losing party's attorney. This construction of N.C.G.S. § 6-21.5 is consistent with the common law which recognized the right of the trial court to assess attorney fees against the party or his attorney when the suit was frivolous. *See* 1 M. Derfner & A. Wolf, Court Awarded Attorney Fees §§ 4.01[1], 4.02[3][b] (rev. 1990); *see generally* Annotation, *Attorney's Liability Under State Law For Opposing Party's Counsel Fees*, 56 A.L.R.4th 486 (1987).

BRYSON v. SULLIVAN

[102 N.C. App. 1 (1991)]

The assessment of attorney fees between the losing party and his attorney, as in Rule 11, depends upon their relative culpability and whether the absence of a justiciable issue relates to a question of law or fact. Just as in Rule 11 sanctions, in the absence of proof that a reasonable person in the position of the losing party would have been aware of the legal deficiencies, the attorney should bear the primary responsibility for submitting pleadings containing justiciable issues of law. See Sunamerica, 328 N.C. at 258, 400 S.E.2d at 438 (applying objective reasonableness standard to N.C.G.S. § 6-21.5). Therefore, before a court may tax attorney fees against a losing party under N.C.G.S. § 6-21.5 based upon the complete absence of a justiciable *legal* issue, the prevailing party must provide proof that the losing party should reasonably have been aware of the complaint's legal deficiencies.

### A

### Attorney Fees Against Attorney

The trial court specifically found as a fact that the defendants' counsel admitted in oral arguments that the defendants sought attorney fees only against the "Brysons and not their attorneys." This finding is supported by competent evidence in the record and we are bound by it. *Hinson*, 287 N.C. at 429, 215 S.E.2d at 107. Furthermore, the written motion for attorney fees pursuant to N.C.G.S. § 6-21.5 only requested that attorney fees be "assessed against plaintiffs."

### B

### Attorney Fees Against Client

Defendants do not claim that the plaintiffs provided any false or incomplete facts to their attorney. Instead, defendants claim the plaintiffs knew that the complaint raised no justiciable issue of law.

When a motion is made for attorney fees pursuant to N.C.G.S. § 6-21.5, a two-part analysis is required before awarding attorney fees. Similar to Rule 11, the court must first determine whether the pleadings raise justiciable issues of law or fact. If the pleadings contain justiciable issues of both law and fact when considered in light of all the responsive pleadings, then the inquiry is at an end. However, if the pleadings present a complete absence of justiciable issues of either law or fact, then the court must evaluate

### BRYSON v. SULLIVAN

[102 N.C. App. 1 (1991)]

whether the losing party should reasonably have been aware that the pleading he filed contained no justiciable issues. *See Sunamerica,* 328 N.C. at 258, 400 S.E.2d at 438. A complaint contains a justiciable issue of law or fact if it presents "an issue that is 'real and present as opposed to imagined or fanciful.'" *K & K Dev. Corp. v. Columbia Banking Fed. Sav. & Loan Ass'n,* 96 N.C. App. 474, 479, 386 S.E.2d 226, 229 (1989) (citations omitted); *Sunamerica,* 328 N.C. at 257, 400 S.E.2d at 437.

We first determine whether the complaint, when read in conjunction with the answer, presents a justiciable issue. Here, the complaint alone does present a "real and present" issue as opposed to one "imagined or fanciful." However, when read in conjunction with the answer, containing affirmative defenses which would create an absolute bar to plaintiffs' claims, the complaint no longer presents a justiciable issue of law.

Having determined that the complaint, when read in conjunction with the answer, does not facially present any justiciable issue of law, it next must be determined whether the plaintiffs reasonably should have been aware that the pleading was frivolous. As in our Rule 11 analysis, the fact that the plaintiffs acted in good faith and upon advice of counsel is insufficient. The matter must be remanded to the trial court for determination of whether the plaintiffs should reasonably have been aware that the complaint contained no justiciable issue of law. On remand, the parties will be permitted to present new evidence relating to the imposition of sanctions and attorney fees against the plaintiffs.

Reversed and remanded.

Judges PARKER and COZORT concur.