KENNETH HIGGINS AND WIFE, KATHLEEN HIGGINS v. ROBERT PATTON, JR. AND NANCY PATTON

No. 9028SC860

(Filed 19 March 1991)

1. **Rules of Civil Procedure § 11 (NCI3d) — voluntary dismissal — authority of court to impose sanctions**

Plaintiff's voluntary dismissal did not deprive the trial court of jurisdiction to impose Rule 11 sanctions upon him.

HIGGINS v. PATTON

[102 N.C. App. 301 (1991)]

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 39, 40.

Construction, as to terms and conditions, of state statute or rule providing for voluntary dismissal without prejudice upon such terms and conditions as state court deems proper. 34 ALR4th 778.

2. **Rules of Civil Procedure § 11 (NCI3d) — parties who may be sanctioned**

Defendants erroneously believed that N.C.G.S. § 1A-1, Rule 11 allowed the trial court to impose sanctions only upon the plaintiff because he had verified the complaint and upon his attorney because he had signed the complaint, when in fact defendants were entitled to request sanctions against the attorney as signer of the complaint and against both plaintiffs as represented parties, regardless of whether plaintiffs signed the complaint.

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 39, 40.

Construction, as to terms and conditions, of state statute or rule providing for voluntary dismissal without prejudice upon such terms and conditions as state court deems proper. 34 ALR4th 778.

3. **Rules of Civil Procedure § 11 (NCI3d) — complaint grounded in fact and warranted by law — no sanctions based on improper purpose**

The trial court erred in imposing sanctions on the erroneous assumption that a complaint which is well grounded in fact and warranted by the existing law may nonetheless be filed for an improper purpose.

Am Jur 2d, Damages §§ 613, 616.

4. **Rules of Civil Procedure § 11 (NCI3d) — filing of complaint for improper purpose — when sanctions may be imposed**

To impose sanctions against a party for filing a complaint for an improper purpose, the complaint must fail either the Rule 11 legal or factual certification requirements; furthermore, if it is determined that the complaint is in violation of either the factual or legal certification requirements of Rule

11, there exists a basis for sanctions and it is therefore unnecessary to address the issue of improper purpose.

**Am Jur 2d, Damages §§ 613, 616.**

5. **Rules of Civil Procedure § 11 (NCI3d)— complaint for trespass—factual certification requirement—insufficiency of showing in record**

Plaintiffs' complaint met the legal certification requirement of Rule 11 where it alleged that defendants, without permission, entered and damaged plaintiffs' land and it therefore facially presented a plausible claim for trespass; however, it was impossible to determine from the record whether the complaint met the factual certification requirement of Rule 11 where the trial court did not determine whether plaintiff undertook a reasonable inquiry into the facts or whether plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact.

**Am Jur 2d, Trespass § 69.**

APPEAL by plaintiff Kenneth Higgins from order filed 4 May 1990 in BUNCOMBE County Superior Court by *Judge Robert D. Lewis.* Heard in the Court of Appeals 19 February 1991.

*Talmage Penland for plaintiff-appellant.*

*Shuford, Best, Rowe, Brondyke & Wolcott, by James Gary Rowe, for defendant-appellees.*

GREENE, Judge.

Kenneth Higgins (plaintiff) appeals the trial court's order filed 4 May 1990 granting the defendants' N.C.G.S. § 1A-1, Rule 11 motion for sanctions against the plaintiff.

In January of 1989, Charles and Joy Higgins received a judgment in the Buncombe County Superior Court under which they were granted an easement by implication across land owned by Charles' brother, who is the plaintiff, and the plaintiff's wife. According to the judgment, the easement was to run "over and across the presently located road right-of-way" on the plaintiff's land. Furthermore, Charles and Joy Higgins were "granted such use in said road right-of-way and easement which is reasonably necessary

to the fair, full, convenient and comfortable enjoyment of their property . . . ."

In 1989, Nancy Patton and her son, Robert (defendants), lived on the property owned by her brother, Charles Higgins, and used the easement that Charles had received in the 1989 judgment. In late March and early April of 1989, the defendants, with Charles' permission, performed various acts of work on the easement, including leveling the road right-of-way. The plaintiff and his wife brought suit against the defendants alleging that when the defendants leveled the road, they trespassed onto the plaintiff's land outside of the easement causing damage to it. The plaintiff verified the complaint. The defendants answered the complaint denying that a trespass had occurred and moving for Rule 11 sanctions. The defendants requested sanctions only against the plaintiff and his wife and not their attorney, even though their attorney had signed the complaint.

At trial, the plaintiff produced eight witnesses, seven of whom substantiated the plaintiff's claim. However, the last witness the plaintiff called, a surveyor, gave testimony somewhat contrary to the previous witnesses. After the defendants had cross-examined the surveyor, the trial court excused the jury for the day and then proceeded to ask the surveyor several questions. Afterwards, the trial judge stated to the plaintiff's attorney, "Well, . . . somebody owes this Court an explanation at this point. . . . You called this man [the surveyor] as your witness, and he's testifying that your man took the posts down as he was going out there, and your man says he didn't. . . . Well, there's some perjury going on here in this lawsuit, and it's very distressful for me to be a part of that kind of thing." The trial court then recessed for the evening. The next morning, the plaintiffs took a voluntary dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1) without prejudice. The defendants then asked the trial court to conduct a hearing on their Rule 11 motion for sanctions against the plaintiff and his wife, in which motion the defendants alleged that this lawsuit was not well grounded by the facts, not warranted by the existing law, and was brought for an improper purpose. After receiving evidence, the trial court concluded that the plaintiff brought this lawsuit to harass the defendants. On this basis, the trial court granted the defendants' motion for sanctions only against the plaintiff and ordered the plaintiff to pay $2,000 "to cover attorney fees . . . ." Furthermore, the trial court assessed the costs of the action

against the plaintiff. Only the plaintiff has appealed the trial court's order.

---

The issue is whether a trial court may impose sanctions against a plaintiff on the ground that the complaint was interposed to harass the defendant when the trial court does not determine whether the complaint was well grounded in fact or was warranted by existing law.

[1] We note initially that the plaintiff argues that his voluntary dismissal deprived the trial court of jurisdiction to impose sanctions upon him. We disagree. As we have recently stated, "attorney fee requests under Rule 11 . . . raise collateral issues which often require consideration by the trial court after the action has been terminated, and a voluntary dismissal under 41(a) does not deprive the trial court of jurisdiction to determine these collateral issues." *Bryson v. Sullivan*, 102 N.C. App. 1, 401 S.E.2d 645 (1991).

[2] We also point out that the record suggests that the defendants believed that Rule 11 allowed the trial court to impose sanctions only upon the plaintiff, because he had verified the complaint, and upon his attorney, because he had signed the complaint. This is a misconception. Rule 11(a) allows the trial court to impose sanctions on the *signer* of the pleading, "a represented party, or both . . . ." The party verifying the pleading in accordance with Rule 11(b) is not the signer as that term is used in Rule 11(a). Therefore, the defendants were entitled to request sanctions against the attorney, as signer of the complaint, and against both plaintiffs as represented parties, regardless of whether the plaintiffs signed the complaint. The trial court granted the defendants' motion only with respect to the plaintiff and not his wife. As the defendants did not appeal the trial court's order, we do not address whether Rule 11 sanctions would have been proper against the plaintiff's wife.

[3, 4] In imposing sanctions against the plaintiff, the trial court concluded in pertinent part:

> Considering without deciding that the plaintiffs' contentions, based upon an unreasonable and self-serving interpretation of Judge Lamm's language, may be grounded in fact and in law, the Court, nevertheless, concludes that the real purpose of this lawsuit was to harass Charles Higgins and those who were using the road with his permission.

Thus, the trial court imposed sanctions on the assumption that a complaint which is well grounded in fact and warranted by the existing law may nonetheless be filed for an improper purpose. This assumption is incorrect. "[W]hen a complaint satisfies the law and fact prongs of a Rule 11 analysis, the complaint cannot be deemed to have been interposed for an improper purpose." *Bryson*, 102 N.C. App. at 11, 401 S.E.2d at 653. To hold otherwise could deter the filing of valid claims which the parties have a right to have adjudicated by our courts regardless of their motivation. Therefore, to impose sanctions against a party for filing a complaint for an improper purpose, the complaint must fail either the Rule 11 legal or factual certification requirements. Furthermore, if it is determined that the complaint is in violation of either the factual or legal certification requirements of Rule 11, there exists a basis for sanctions and it is therefore unnecessary to address the issue of improper purpose.

[5] Here, the complaint meets the legal certification requirement of Rule 11. When considered in conjunction with the answer, the complaint facially presents a plausible claim for trespass. *See Bryson*, 102 N.C. App. at 12, 401 S.E.2d at 653. Specifically, the complaint alleges that the defendants, without permission, entered and damaged the plaintiff's land. *See Keziah v. Seaboard Air Line R.R. Co.*, 272 N.C. 299, 311, 158 S.E.2d 539, 548 (1968) ("[a]ny unauthorized entry on land in the actual or constructive possession of another constitutes a trespass"); *Sentry Enters., Inc. v. Canal Wood Corp.*, 94 N.C. App. 293, 297, 380 S.E.2d 152, 154 (1989) ("[t]o prove trespass plaintiff must show" "unauthorized entry on plaintiff's land" by defendant). The defendant's answer merely denied that a trespass had occurred. Because the complaint facially presents a plausible claim, it is unnecessary to inquire further into the plaintiff's conduct prior to filing the complaint. *See Bryson*, 102 N.C. App. at 12, 401 S.E.2d at 653.

However, we are unable to determine from the record whether the complaint meets the factual certification requirement of Rule 11. That determination requires a two-step analysis. G. Joseph, Sanctions: The Federal Law of Litigation Abuse § 9, at 131 (1989). First, the court must determine whether the plaintiff undertook a reasonable inquiry into the facts. *Id.* Second, the court must determine whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact. *Id.* § 9, at 131-32. "The reasonableness of this belief—like

the reasonableness of the antecedent inquiry—is judged under an objective standard." *Id.* § 9, at 132; *see also Bryson*, 102 N.C. App. at 9-10, 401 S.E.2d at 652. If the court answers either prong of the two-step analysis negatively, then sanctions against the plaintiff are appropriate.

Because the trial court did not undertake this two-step analysis, and because this Court is not in the position to undertake this factual analysis, we must vacate the order of the trial court to the extent of any award, including attorney fees, based upon the Rule 11 sanction. On remand, the parties will be permitted to introduce new evidence on the issues raised by the factual certification requirement.

Affirmed in part, vacated in part and remanded.

Judges WELLS and WYNN concur.