JOHN R. TITTLE AND SALLY A. TITTLE, INDIVIDUALLY; SALLY A. TITTLE, GUARDIAN AD LITEM FOR SHAUN T. TITTLE, PLAINTIFFS/APPELLEES v. NANCY YOUNT CASE, MAE BELLE YOUNT AND WORLD OMNI LEASING, INC., A CORPORATION, DEFENDANTS/APPELLANTS

No. 9029SC542

(Filed 15 January 1991)

**1. Rules of Civil Procedure § 11 (NCI3d)— knowledge that claim is meritless—dismissal delayed—sanctions not required**

In some circumstances the failure to dismiss a case when irrefutable evidence has come to an attorney's attention that the case is meritless may require sanctions pursuant to N.C.G.S. § 1A-1, Rule 11; however, in this case arising from an automobile accident, the trial court properly refused to impose sanctions since instituting an action against defendant World Omni, which was listed as the owner of the car in the accident report, was reasonable, and plaintiffs' limited discovery of the other parties to the action before dismissing its claim against World Omni was not objectively unreasonable under the circumstances.

**Am Jur 2d, Damages § 616; Dismissal, Discontinuance, and Nonsuit § 39.**

**2. Appeal and Error § 147 (NCI4th)— motion for attorney fees— failure to argue in trial court—no consideration on appeal**

A question as to the trial court's denial of defendant's motion for attorney fees pursuant to N.C.G.S. § 6-21.5 was not preserved for review where there was nothing in the record to show that the question was ever argued before the trial court.

**Am Jur 2d, Appeal and Error § 545.**

TITTLE v. CASE

[101 N.C. App. 346 (1991)]

APPEAL by defendant World Omni Leasing, Inc. from order entered 26 April 1990 in HENDERSON County Superior Court by *Judge Marvin K. Gray*. Heard in the Court of Appeals 4 December 1990.

Plaintiffs filed this action on 15 September 1989 for damages allegedly suffered in a motor vehicle accident with a car driven by defendant Case. Plaintiffs alleged that defendant World Omni Leasing, Inc. (World Omni) was the owner of the car driven by Case, and that Case was an employee or agent of World Omni and was operating the vehicle in the course and scope of her employment or agency at the time of the accident.

Counsel for plaintiffs and World Omni exchanged correspondence regarding the basis for these allegations, with World Omni providing information that it did not own the car at the time of the accident and had no record of Case ever being in its employ. Counsel for plaintiff responded by pointing to the accident report which listed World Omni as the registered owner of the car. World Omni moved to dismiss the case as to it pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on 26 October 1989.

Defendants Case and Yount both answered and denied that the vehicle was owned by World Omni or that Case was World Omni's employee or agent. Counsel for plaintiffs then deposed Case and Yount on 1 December 1989. World Omni filed a motion for sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure and for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5 on 6 December 1989. The motions were calendared along with the motion to dismiss for 12 February 1990. On 9 February 1990, plaintiffs voluntarily dismissed their action against World Omni. The trial court denied the motion for sanctions pursuant to Rule 11 on 12 February 1990, and signed an order to that effect on 26 April 1990. World Omni appeals.

*Toms & Bazzle, P.A., by James H. Toms and Eugene M. Carr III, for plaintiffs-appellees.*

*Hafer, Day & Wilson, P.A., by R. Wilson Day, for defendant-appellant.*

WELLS, Judge.

Defendant assigns error to the trial court's entry of the order denying its motion for sanctions and for attorney's fees pursuant

to Rule 11 of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 6-21.5. We affirm.

The standard for appellate review of a court's ruling on a Rule 11 motion is set out in *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989):

> The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these determinations in the affirmative it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

We will approach the issues in reverse order.

Our first inquiry is whether the trial court's findings of fact are supported by a sufficiency of the evidence. We have reviewed the record and hold that each of the trial court's findings are supported by a sufficiency of the evidence. The findings imply that plaintiffs' counsel made inquiry to the Department of Motor Vehicles regarding the state of the title to Case's car, which plaintiffs' counsel asserts he did in his brief, but we find no evidence of this inquiry in the record. Based on our holding below, however, we find this to be of no import.

[1] We must next determine whether the trial court's conclusions of law are supported by its findings of fact. The trial court's conclusion of law (though not so labelled) states:

> Based upon the foregoing findings of fact, and the Court's review of the record as a whole, and the Court having considered the arguments of counsel and citations to case law, the Court denies the Motion of counsel for Defendant, World Omni Leasing, Inc., to award attorney's fees and costs under Rule 11, North Carolina Rules of Civil Procedure. The Court is of the opinion that the Plaintiff, with World Omni Leasing, Inc. listed as owner of the vehicle on the relevant Department of Motor Vehicle[s] records and the accident report, acted with objective reasonableness in naming World Omni Leasing, Inc.

as a Party Defendant to this lawsuit, and proceeding as he proceeded.

The findings show that the accident report listed World Omni as the owner of the vehicle driven by Case. This would support the finding that the vehicle was listed by the Department of Motor Vehicles as owned by World Omni, and that the assignment of title asserted by World Omni had not been registered with the Department at the time of the accident. This provided a reasonable basis for plaintiffs to include a claim in their complaint against World Omni, given the statutory presumptions of N.C. Gen. Stat. § 20-71.1. Rule 11(a) imposes a standard of objective reasonableness under the circumstances. *Turner, supra.*

World Omni argues that even if it was objectively reasonable for plaintiffs to include a count against it in the complaint, plaintiffs violated Rule 11 by failing to dismiss this claim after it should have been apparent that the claim was baseless. The crucial issue for our determination is whether Rule 11 imposes a continuing duty to analyze the basis for a pleading, motion, or other paper signed pursuant to the rule and withdraw it when it becomes apparent, or should become apparent, that the pleading, motion, or other paper no longer comports with the rule.

The North Carolina Rules of Civil Procedure, including Rule 11, are, for the most part, verbatim recitations of the federal rules. *Turner, supra.* Decisions under the federal rules are thus pertinent to our analysis. *Id.* The federal courts have reached differing conclusions in analyzing this question, however. Some courts have focused on the language of the rule, which speaks to the signing of pleadings, motions, and other papers, and determined that the only inquiry is whether the attorney acted with objective reasonableness at the time of the signing. *See Oliveri v. Thompson,* 803 F.2d 1265 (2nd Cir. 1986), *cert. denied,* 480 U.S. 918, 94 L.Ed.2d 689 (1987). Other courts have focused on the apparent purpose of the rule as a policing mechanism and a desire not to undercut its full force in imposing a continuing duty. *See Herron v. Jupiter Transp. Co.,* 858 F.2d 332 (6th Cir. 1988).

While no North Carolina cases have spoken directly to the issue of a continuing duty, the Court's analysis in *Turner* must be seen as at least impliedly recognizing that such a duty exists under our own Rule 11. The Court found Rule 11 violations in the defendant's failure to adequately comply with a discovery order,

and in the noticing and taking of two depositions. Sanctions in that case, then, were based on an attorney's conduct of discovery, and not simply the improper signing of a pleading, motion, or other paper. In *Shook v. Shook*, 95 N.C. App. 578, 383 S.E.2d 405 (1989), *disc. review denied*, 326 N.C. 50, 389 S.E.2d 94 (1990), this Court held that the consistent use of inflated figures in a complaint, *after opportunity to amend*, was sufficient to support an award of sanctions. Taken together, these cases indicate that we are to view Rule 11 broadly in viewing an attorney's conduct during the course of litigation.

In some circumstances, then, the failure to dismiss a case when irrefutable evidence has come to an attorney's attention that the case is meritless may require sanctions pursuant to Rule 11. On these facts, however, we decline to overrule the trial court. We have held that instituting the action against World Omni was reasonable under the circumstances. World Omni sent information relating to the transfer of the car title and the fact that defendant Case did not work for it on 17 October 1989. On 6 November 1989, plaintiffs noticed the depositions of defendants Case and Tittle for 1 December 1989. Plaintiffs filed their voluntary dismissal on 9 February 1990. Given that the accident report listed World Omni as the owner of the car in direct contradiction to the information World Omni had provided, plaintiffs' limited discovery of the other parties to this action before dismissing its claim against World Omni was not objectively unreasonable under the circumstances. The trial court's findings of fact support its conclusions of law, and its conclusions support its judgment of no sanctions. This assignment of error is overruled.

[2] World Omni next assigns error to the trial court's denial of its motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5. This statute provides in pertinent part:

> In any civil action . . . the court, upon motion ot the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. . . . The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

The judgment below does not refer to World Omni's motion pursuant to N.C. Gen. Stat. § 6-21.5. There is nothing in the record

to show that this aspect of the motion was even argued before the trial court. Therefore, this question has not been preserved for our review.

The judgment of the trial court is

Affirmed.

Judges JOHNSON and COZORT concur.