JAMES M. BRYSON, II, AND LOIS I. BRYSON, INDIVIDUALLY AND AS AD-
MINISTRATRIX OF THE ESTATE OF JAMES P. BRYSON v. RACHEL B. SULLIVAN,
INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MILLIE P. BRYSON

No. 168PA91

(Filed 27 January 1992)

1. **Rules of Civil Procedure § 11 (NCI3d) — sanctions — voluntary dismissal with prejudice**

   The trial court was not deprived of jurisdiction to determine the appropriateness of Rule 11 sanctions by the plaintiffs' filing of a voluntary dismissal with prejudice. N.C.G.S. § 1A-1, Rule 11.

   **Am Jur 2d, Damages § 615; Dismissal, Discontinuance, and Nonsuit §§ 14, 39, 40.**

2. **Rules of Civil Procedure § 11 (NCI3d) — sanctions — certifications by signer of pleading**

   According to Rule 11, the signer of a pleading certifies that the pleading is (1) well grounded in fact; (2) warranted by existing law "or a good faith argument for the extension, modification, or reversal of existing law" (legal sufficiency); and (3) not interposed for any improper purpose. A breach of the certification as to any one of these three prongs is a violation of the rule.

   **Am Jur 2d, Damages §§ 615, 616; Pleading §§ 26, 339.**

BRYSON v. SULLIVAN

[330 N.C. 644 (1992)]

3. **Rules of Civil Procedure § 11 (NCI3d) — sanctions — legal sufficiency prong — reasonable inquiry by client**

The Court of Appeals erred in stating that, in the absence of proof that a reasonable person in the client's position would have been aware of the Rule 11 legal deficiencies, the attorney should bear sole responsibility for submitting a pleading or motion not warranted by law, since Rule 11 explicitly holds a represented party who has signed the document subject to sanctions when the document is found to violate that rule. Moreover, the relevant inquiry is not whether a reasonable person in the client's position would have been aware of the legal deficiencies, but whether the client made a reasonable inquiry to determine the legal sufficiency of the document.

Am Jur 2d, Attorneys at Law § 149; Damages §§ 615, 616; Pleading § 26.

4. **Rules of Civil Procedure § 11 (NCI3d) — sanctions — responsibility for improper purpose violations**

The Court of Appeals erred in stating, "Generally, since the lawyer exercises primary control over the litigation, the responsibility for improper purpose violations should rest with the lawyer," since parties as well as attorneys may be subject to sanctions for violations of the improper purpose prong of Rule 11. Furthermore, both are subject to an objective standard to determine the existence of such an improper purpose.

Am Jur 2d, Attorneys at Law § 149; Costs § 30; Damages §§ 615, 616; Pleading § 26.

5. **Rules of Civil Procedure § 11 (NCI3d) — sanctions — pleading warranted by existing law — responsive pleadings not considered**

In determining whether a pleading was warranted by existing law at the time it was signed, the court must look at the face of the pleading and must not read it in conjunction with responsive pleadings.

Am Jur 2d, Pleading § 4.

6. **Rules of Civil Procedure § 11 (NCI3d) — sanctions — legal sufficiency prong of Rule 11 — continuing duty to analyze pleading not required**

Whether a document complies with the legal sufficiency prong of Rule 11 is determined as of the time it was signed.

**BRYSON v. SULLIVAN**

[330 N.C. 644 (1992)]

Therefore, the implication in *Tittle v. Case*, 101 N.C. App. 346, 399 S.E.2d 373, that the legal sufficiency prong imposes a continuing duty to analyze the basis for a pleading is disapproved.

**Am Jur 2d, Pleading §§ 4, 26, 339.**

7. **Rules of Civil Procedure § 11 (NCI3d)— failure to dismiss— legal sufficiency prong inapplicable— sanctions under another prong or rule**

The statement in *Tittle v. Case*, 101 N.C. App. 346, 399 S.E.2d 373, based on the legal sufficiency prong of Rule 11, that, "In some circumstances . . . the failure to dismiss a case when irrefutable evidence has come to [one's] attention that the case is meritless may require sanctions pursuant to Rule 11" is disapproved because subsequently filed documents cannot impose a duty on counsel or a party under the legal sufficiency prong of Rule 11 to seek dismissal. However, once responsive pleadings or other papers are filed and the case has become meritless, failure to dismiss or further prosecution of the action may result in sanctions either under the improper purpose prong of Rule 11, under other rules, or pursuant to the inherent power of the court.

**Am Jur 2d, Pleading §§ 26, 125.**

8. **Costs § 36 (NCI4th)— attorney fees— nonjusticiable cases— consideration of responsive pleadings**

It is appropriate in N.C.G.S. § 6-21.5 cases to read the questionable pleading with responsive pleadings to determine whether there exists a justiciable controversy.

**Am Jur 2d, Pleading §§ 26, 125.**

9. **Rules of Civil Procedure § 11 (NCI3d)— sanctions— legal sufficiency of pleading— two-part analysis**

In determining when to make an award under Rule 11 on the ground that a pleading is not warranted by existing law, the court should look first to the facial plausibility of the pleading and only then, if the pleading is implausible under existing law, to the issue of whether to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the complaint was warranted by the existing law.

**Am Jur 2d, Pleading § 26.**

**10. Rules of Civil Procedure § 11 (NCI3d)— sanctions—legal sufficiency of pleading—reasonable inquiry by litigants**

Represented parties, like their counsel, will be held to an objective standard of reasonable inquiry into the legal sufficiency of their claim. If, given the knowledge and information which can be imputed to a party, a reasonable person under the same or similar circumstances would have terminated his or her inquiry and formed the belief that the claim was warranted under existing law, then the party's inquiry will be deemed objectively reasonable.

**Am Jur 2d, Pleading § 26; Damages §§ 615, 616.**

**11. Rules of Civil Procedure § 11 (NCI3d)— sanctions—good faith reliance on advice of counsel**

In determining whether plaintiffs relied in good faith on the advice of counsel regarding the merits of their claim, "good faith" means honesty of intention and freedom from knowledge of circumstances which ought to have put them upon inquiry.

**Am Jur 2d, Pleading § 26; Damages §§ 615, 616.**

**12. Rules of Civil Procedure § 11 (NCI3d)— sanctions—legal sufficiency of pleading — good faith reliance on counsel—reasonable belief**

Plaintiffs' good faith reliance on the advice of their attorneys that their claims against an administratrix in her representative and individual capacities were warranted under the law was sufficient to establish an objectively reasonable belief in the validity of their claims. The trial court's finding that plaintiffs acted in good faith upon the advice of counsel was supported by the evidence, and the trial court properly denied defendants' motions for sanctions under the legal sufficiency prong of Rule 11, where the evidence tended to show that the female plaintiff was told by counsel that plaintiffs had grounds for filing a lawsuit against defendant; various anticipated defenses were discussed with the female plaintiff, including a consent judgment in a prior action; and the consent judgment was not considered by counsel to be a bar to plaintiffs' claims in this case.

**Am Jur 2d, Pleading § 26; Damages §§ 615, 616.**

**13. Rules of Civil Procedure § 11 (NCI3d) — reliance on counsel — sanctions based on improper purpose**

Reliance on the advice of counsel does not preclude Rule 11 sanctions based upon improper purpose.

**Am Jur 2d, Pleading § 26; Damages §§ 615, 616.**

**14. Rules of Civil Procedure § 11 (NCI3d) — sanctions — improper purpose — separate from legal or factual sufficiency**

The Court of Appeals erred in holding that the filing of a complaint cannot be for an improper purpose unless the complaint failed either the legal or factual certification requirement of Rule 11, since the improper purpose prong of Rule 11 is separate and distinct from the legal and factual sufficiency requirements.

**Am Jur 2d, Pleading § 26; Damages §§ 615, 616.**

**15. Rules of Civil Procedure § 11 (NCI3d) — sanctions — improper purpose — insufficient evidence**

The evidence was insufficient to show that plaintiffs' complaint against defendant administratrix in her representative and individual capacities was filed for the improper purpose of harassing defendant, causing delay in the estate proceedings, and needlessly increasing the costs of the litigation, and the trial court did not err in denying sanctions against plaintiffs under the improper purpose prong of Rule 11.

**Am Jur 2d, Pleading § 26; Damages §§ 615, 616.**

**16. Costs § 36 (NCI4th) — nonjusticiable claims — attorney fees — jurisdiction after voluntary dismissal**

The trial court was not deprived of jurisdiction to determine the appropriateness of attorney fees under N.C.G.S. § 6-21.5 by plaintiffs' filing of a voluntary dismissal with prejudice. Even if the dismissal had been without prejudice, defendant would still have been the "prevailing party" for N.C.G.S. § 6-21.5 purposes. *Kohn v. Mug-A-Bug*, 94 N.C. App. 594, 380 S.E.2d 548, holding that attorney fees could not be awarded under N.C.G.S. § 6-21.5 after plaintiffs took a voluntary dismissal without prejudice because there was no adjudication on the merits and thus no "prevailing party," is overruled.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 39.**

**BRYSON v. SULLIVAN**

[330 N.C. 644 (1992)]

17. **Costs § 36 (NCI4th)— nonjusticiable claims—no persistence in litigation—attorney fees denied**

Where a consent decree and other defenses raised in defendant's answer rendered nonjusticiable all the claims alleged in plaintiffs' complaint, and plaintiffs voluntarily dismissed with prejudice their action some seven weeks after the defenses were asserted without having pursued the litigation further during those intervening weeks, plaintiffs cannot be said to have persisted in litigating the case after a point where they should reasonably have become aware that their complaint no longer contained a justiciable issue, and the trial court properly denied defendant's request for attorney fees under N.C.G.S. § 6-21.5.

Am Jur 2d, Costs § 72; Damages §§ 615, 616; Dismissal, Discontinuance, and Nonsuit § 39.

Attorneys' fees: obduracy as basis for state-court award. 49 ALR4th 825.

18. **Costs § 36 (NCI4th)— nonjusticiable claims—attorney fees— counsel not liable**

N.C.G.S. § 6-21.5 does not authorize the court to require counsel to pay attorney fees to the prevailing party.

Am Jur 2d, Costs § 30.

Attorney's liability under state law for opposing party's counsel fees. 56 ALR4th 486.

ON petition for discretionary review by plaintiffs pursuant to N.C.G.S. § 7A-31 from a decision of the Court of Appeals, 102 N.C. App. 1, 401 S.E.2d 645 (1991), reversing an order filed 24 May 1990 by *Allen (W. Steven), J.,* Superior Court, RANDOLPH County, and remanding for further findings consistent therewith. Heard in the Supreme Court 13 November 1991.

*Moser, Schmidly, Mason & Wells, by Stephen S. Schmidly; John N. Ogburn, Jr., for plaintiff-appellants.*

*Wyatt Early Harris Wheeler & Hauser, by William E. Wheeler, for defendant-appellees.*

*J. Wilson Parker for amicus curiae North Carolina Academy of Trial Lawyers.*

BRYSON v. SULLIVAN

[330 N.C. 644 (1992)]

MARTIN, Justice.

This case considers the propriety of sanctions under N.C. R. Civ. P. 11(a) and attorneys' fees under N.C.G.S. § 6-21.5 for alleged violations by the plaintiffs regarding certain claims in an estate case. The evidence before the trial court revealed the following relevant facts. Defendant Rachel B. Sullivan (Rachel) is the daughter of Millie P. Bryson (Millie). Plaintiff James M. Bryson, II (Marc) is the grandson of Millie and the son of James P. Bryson (James) and Lois I. Bryson (Lois). James died in December 1986; Lois was appointed administratrix of his estate. Millie suffered a stroke in August 1983. From September 1983 to February 1987 she lived with and was cared for by James (until his death), Lois, and Marc. From February 1987 to May 1989 Millie was cared for by Rachel.

On 26 June 1987, Millie filed a claim against Marc and Lois, individually and as administratrix of James's estate, and others alleging that they had misappropriated and converted her property. Millie was declared incompetent on 16 December 1987, and Rachel was appointed her general guardian. Millie's claim was eventually settled on 24 April 1989 with the execution of a consent decree. The parties executing the consent decree were Rachel, as guardian for Millie, Lois, individually and as administratrix of James's estate, and Marc. McNeill Smith was the attorney for Marc and Lois in her individual capacity and in her capacity as administratrix of James's estate.

The consent decree provided in pertinent part:

6. Any and all other claims, actions or causes of action which any of the parties might have had or might have against any of the other parties have been fully compromised, adjusted and settled; no party has admitted or been adjudged of any wrongdoing or fault on account of any matters alleged or which might have been alleged in the Complaint or Answer; and neither the plaintiff, her guardian or successor guardian, her representative or estate, nor any of the defendants, his or her representatives, successors or assigns, individually or in any capacity, shall recover anything further of any other party on account of anything occurring before the date of this judgment.

## BRYSON v. SULLIVAN

[330 N.C. 644 (1992)]

Millie died intestate on 10 May 1989, and Rachel was appointed administratrix of her estate. On 2 June 1989, Rachel sought and received from the Clerk of Superior Court of Randolph County an order allowing $14,400.00 as reimbursement to her for "room, board and transportation" she provided to Millie from December 1987 through May 1989. On 5 October 1989, Lois as administratrix of James's estate and Marc petitioned the Clerk of Superior Court of Randolph County to set aside the award to Rachel. The clerk denied the petition.

On 22 November 1989, Marc and Lois in her individual capacity and in her capacity as administratrix of James's estate filed a claim against Millie's estate for services rendered to Millie from September 1983 through February 1987. Rachel in her capacity as administratrix of Millie's estate denied this claim.

Some short time before 22 February 1990, McNeill Smith advised Lois that

> there was [sic] elements in . . . [the 24 April 1989 consent order] which [had been] breached on the other side. One of the principal ones being the [petition seeking reimbursement for room, board and transportation provided for Millie filed by Rachel in Randolph County contrary to the provisions of the consent judgment] . . . .

McNeill Smith further advised Lois:

> So, if you're going to do anything, though . . . you've got to file it within the three months because the statute is very clear that the Superior Court is the place to consider the validity of the claim and you've got some guidance, take it and you ought to do it and you ought not to let the 3 months go by. But I might very well be a witness.

McNeill Smith called Jack Ogburn, an attorney in Randolph County, who agreed to file the complaint that is reviewed in this opinion, and he did so on 22 February 1990. The complaint sought to recover: (1) for services allegedly rendered to Millie; (2) for alleged breach of fiduciary duty and self-dealing on the part of Rachel in allowing prematurely and without adequate proof the claim made by Rachel herself in her individual capacity for reimbursement for services rendered to Millie; and (3) for attorneys' fees and costs under N.C.G.S. § 28A-19-18 because of (a) Rachel's refusal to refer the plaintiffs'

claim to a panel as allowed by N.C.G.S. § 28A-19-15 and (b) her self-dealing. The complaint was signed by Marc and Lois.

On 12 March 1990, Rachel in her individual capacity and in her capacity as administratrix of Millie's estate filed an answer and pled among other things the statute of limitations, the release contained in the 24 April 1989 consent decree, and res judicata. Rachel's answer also included a motion for sanctions pursuant to Rule 11. Specifically, Rachel alleged:

> 68. Plaintiffs' complaint was signed and verified in violation of Rule 11 . . . in that it was knowingly filed and served in the face of obvious defenses in bar of plaintiffs' claims of which plaintiffs and their counsel had prior actual notice and which notice was a matter of public record . . . .

> . . . .

> 70. Plaintiffs' complaint . . . was interposed for no other purpose than to harass defendant, cause unnecessary delay in the administration of the estate of Millie P. Bryson . . . and [has] needlessly increased the cost of the administration of the estate . . . , resulting in loss to the estate and its beneficiaries.

> 71. Defendant is entitled to have the Court impose sanctions upon plaintiffs for violation of Rule 11 . . . by way of expenses incurred in defending this action and matters related thereto.

Rachel further requested in her answer an award for reasonable attorneys' fees pursuant to N.C.G.S. § 6-21.5. Specifically, she alleged:

> 73. Plaintiffs' complaint completely fails to raise any justiciable issue of law or fact. As a result, defendant is entitled to an award of reasonable attorneys fees assessed against plaintiffs pursuant to N.C. Gen. Stat. § 6-21.5.

On 30 April 1990, pursuant to N.C.G.S. § 1A-1, Rule 41(a), the plaintiffs voluntarily dismissed their action with prejudice.

In an order dated 22 May 1990, the trial court denied the motions for sanctions and attorneys' fees. The trial court's findings of fact included the following:

36. At the hearing, Defendant's [sic] counsel admitted that the Defendants sought sanctions upon and attorneys fees from the Brysons and not their attorneys.

. . . .

38. The Brysons filed this lawsuit in good faith and after diligent inquiry of counsel.

The trial court entered the following pertinent conclusions of law:

1. Plaintiffs [sic] voluntary dismissal of their action does not relieve this Court of its duty to consider the Rule 11 and attorneys [sic] fees Motions on the merits.

. . . .

14. Plaintiffs have at all times relied on the advice of competent counsel in pursuing their claims and their causes have been well grounded in fact and law.

The defendants appealed to the Court of Appeals the trial court's denial of their requests for sanctions under N.C.G.S. § 1A-1, Rule 11(a) and for attorneys' fees under N.C.G.S. § 6-21.5. The Court of Appeals reversed and remanded. The plaintiffs' petition for discretionary review was allowed by this Court on 12 June 1990.

[1] We affirm the Court of Appeals' holding that the trial court was not deprived of jurisdiction to determine the appropriateness of sanctions under Rule 11 by the plaintiffs filing a voluntary dismissal with prejudice pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1). Dismissal does not deprive the court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated. *In re Peoples*, 296 N.C. 109, 146, 250 S.E.2d 890, 911 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359 (1990).

For this purpose, it is not relevant whether the dismissal was with or without prejudice.

Rule 41(a)(1) does not codify any policy that the plaintiff's right to . . . dismissal also secures the right to file baseless papers . . . . If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing

papers.' Amendments to Rules, 97 F.R.D. 165, 192 (1983) (citations omitted).

*Cooter & Gell*, 496 U.S. at ---, 110 L. Ed. 2d at 377. *Accord Corcoran v. Columbia Broadcasting Sys., Inc.*, 121 F.2d 575, 576 (9th Cir. 1941).

In this opinion we review the following principal issues:

I. Whether litigants who rely in good faith upon advice of counsel concerning the legal basis for their claims may be subject to sanctions if it is determined that their pleading violates the legal sufficiency requirement of N.C.G.S. § 1-1A, Rule 11(a);

II. Whether under the facts of this case, the litigants may be subject to sanctions under N.C.G.S. § 1-1A, Rule 11(a) for interposing their claims for an improper purpose; and

III. Whether under the facts of this case, attorneys' fees should be awarded against the litigants under N.C.G.S. § 6-21.5.

Before considering the issues as related to the particular facts of this case, a review of certain principles governing the interpretation of Rule 11 and section 6-21.5 is not inappropriate.

N.C.G.S. § 1A-1, Rule 11(a) provides:

Rule 11. Signing and Verification of Pleadings.

(a) *Signing by Attorney.*—Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the atten-

BRYSON v. SULLIVAN

[330 N.C. 644 (1992)]

tion of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

[2] According to Rule 11, the signer certifies that three distinct things are true: the pleading is (1) well grounded in fact; (2) warranted by existing law, "or a good faith argument for the extension, modification, or reversal of existing law" (legal sufficiency); and (3) not interposed for any improper purpose. A breach of the certification as to any one of these three prongs is a violation of the Rule. At issue here are the "warranted by existing law" and "improper purpose" prongs.

Since the North Carolina rule is identical in most relevant respects to the federal rule, "[d]ecisions under the federal rules are . . . pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules." *Turner v. Duke University*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989) (citing *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970)).

The Rule requires the signature of an attorney of record or *pro se* litigant on all pleadings, motions, or other papers; represented parties are not required to sign filed documents unless another rule so requires. If a pleading is signed in violation of the Rule, "the court . . . shall impose upon the person who signed it, a represented party, or both, an appropriate sanction." N.C.G.S. § 1A-1, Rule 11(a) (1986).

[3] In this case the Court of Appeals stated the law regarding the standard to be applied to represented parties under a Rule 11 challenge pursuant to the legal prong as follows:

In the absence of proof that a reasonable person in the client's position would have been aware of the Rule 11 legal deficiencies, "the attorney should bear sole responsibility for submitting a pleading or motion not warranted by law in violation of Rule 11." . . . "The rationale behind this is that the attorney and not the client should bear the sanction for filing papers which violate Rule 11 by being unsupported by existing law . . . ."

*Bryson v. Sullivan*, 102 N.C. App. 1, 9, 401 S.E.2d 645, 652 (1991) (citations omitted). This statement was error: the language of Rule 11 explicitly holds a represented party who, as here, has signed the document subject to sanctions when the document is found to violate the Rule. *Business Guides v. Chromatic Communications Enter., Inc.*, 498 U.S. ---, 112 L. Ed. 2d 1140 (1991). Moreover, the relevant inquiry is not whether a reasonable person in the client's position would have been aware of the legal deficiencies, but whether the client made a reasonable inquiry to determine the legal sufficiency of the document.

[4]   The Court of Appeals erred similarly in stating the law regarding the improper purpose prong of the rule in saying, "Generally, since the lawyer exercises primary control over the litigation, the responsibility for improper purpose violations should rest with the lawyer." *Bryson*, 102 N.C. App. at 10, 401 S.E.2d at 652. Parties, as well as attorneys, may be subject to sanctions for violations of the improper purpose prong of Rule 11. Further, both are subject to an objective standard to determine the existence of such an improper purpose. *Turner v. Duke University*, 325 N.C. at 164, 381 S.E.2d at 713.

[5]   Another interpretative issue is what the trial court should review in deciding whether a pleading is warranted by existing law. We hold that reference should be made to the document itself, and the reasonableness of the belief that it is warranted by existing law should be judged as of the time the document was signed. Responsive pleadings are not to be considered. *See Cooter & Gell*, 496 U.S. 384, 110 L. Ed. 2d 359, 375 (violation of the Rule is complete when paper is signed); *Sheets v. Yahama Motors Corp., U.S.A.*, 891 F.2d 533, 536 (5th Cir. 1990); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) ("Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document."); *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986) ("Limiting the application of rule 11 to testing the attorney's conduct at the time a paper is signed is virtually mandated by the plain language of the rule."), *cert. denied*, 480 U.S. 918, 94 L. Ed. 2d 689 (1987). *Cf. Sunamerica v. Bonham*, 328 N.C. 254, 400 S.E.2d 435 (1991) (N.C.G.S. § 6-21.5 permits the trial court to look at responsive pleadings).

We therefore hold that in determining whether a pleading was warranted by existing law at the time it was signed the court

must look at the face of the pleading and must not read it in conjunction with responsive pleadings, as the Court of Appeals erroneously held in this case and in other Rule 11 opinions. *E.g.*, *Higgins v. Patton*, 102 N.C. App. 301, 306, 401 S.E.2d 854, 857; *dePasquale v. O'Rahilly*, 102 N.C. App. 240, 246, 401 S.E.2d 827, 830 (1991) (paradoxically reading the complaint in conjunction with the responsive pleadings to determine its *"facial"* plausibility).

[6] In *Tittle v. Case*, 101 N.C. App. 346, 399 S.E.2d 373 (1991), the Court of Appeals held that Rule 11 imposes "a continuing duty to analyze the basis for a pleading, motion, or other paper signed pursuant to the rule and withdraw it when it becomes apparent, or should become apparent, that the pleading, motion, or other paper no longer comports with the rule." *Id.* at 349, 399 S.E.2d at 375. As the Court of Appeals said in *Tittle*,

> The federal courts have reached differing conclusions in analyzing this question, however. Some courts have focused on the language of the rule, which speaks to the signing of pleadings, motions, and other papers, and determined that the only inquiry is whether the [signer] acted with objective reasonableness at the time of the signing. *See Oliveri v. Thompson*, 803 F.2d 1265 (2nd Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Other courts have focused on the apparent purpose of the rule as a policing mechanism and a desire not to undercut its full force in imposing a continuing duty. *See Herron v. Jupiter Transp. Co.*, 858 F.2d 332 (6th Cir.1988).

*Tittle*, 101 N.C. App. at 349, 399 S.E.2d at 375.

The text of the Rule requires that whether the document complies with the legal sufficiency prong of the Rule is determined as of the time it was signed. Therefore, we reject the inference in *Tittle* that under the legal sufficiency prong "the Court's analysis in *Turner* [*v. Duke University*, 325 N.C. 152, 381 S.E.2d 706] must be seen as at least impliedly recognizing that such a [continuing] duty exists under our own Rule 11." *Tittle*, 101 N.C. App. at 349, 399 S.E.2d at 375.[1]

---

1. It is true that in *Turner* we found Rule 11 violations in the defendant's failure to adequately comply with a discovery order and in the noticing and taking of two depositions. Sanctions were nonetheless based on the signing of pleadings and "other papers" i.e., a 2 July 1987 letter from counsel for Duke that listed

[7] We also disavow *Tittle's* statement based on the legal sufficiency prong of Rule 11 that, "In some circumstances . . . the failure to dismiss a case when irrefutable evidence has come to [one's] attention that the case is meritless may require sanctions pursuant to Rule 11." 101 N.C. App. at 350, 399 S.E.2d at 375.[2] In light of our holding that subsequent papers will not be considered in evaluating the validity of a certification, we hold that subsequently filed documents cannot impose a duty on counsel or a party under the legal sufficiency prong of the Rule to seek dismissal. However, once responsive pleadings or other papers are filed and the case has become meritless, failure to dismiss or further prosecution of the action may result in sanctions either under the improper purpose prong of the Rule, or under other rules, or pursuant to the inherent power of the court. *See Chambers v. Nasco, Inc.,* --- U.S. ---, 115 L. Ed. 2d 27 (1991).

In accord with our interpretation are *Corporation of the Presiding Bishop v. Assoc. Contractors,* 877 F.2d 938, 942-43 (11th Cir. 1989), *cert. denied,* 493 U.S. 1079, 107 L. Ed. 2d 1038 (1990); *Cunningham v. County of Los Angeles,* 879 F.2d 481, 490 (9th Cir. 1988), *cert. denied,* 493 U.S. 1035, 107 L. Ed. 2d 773 (1990); *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 874 (5th Cir. 1988); *Adduono v. World Hockey Ass'n,* 824 F.2d 617, 621 (8th Cir. 1987); *Hamer v. County of Lake,* 819 F.2d 1362, 1370 n. 15 (7th Cir. 1987), *cert. denied,* 493 U.S. 849, 107 L. Ed. 2d 104 (1989); *Pantry Queen Foods v. Lifschultz Fast Freight,* 809 F.2d 451, 454 (7th Cir. 1987); *Andrews v. Bible,* 812 S.W.2d 284 (Tenn. 1991). Wright and Miller note that *Thomas* brought the Fifth Circuit

---

the name, but not the address of Dr. Havard, Duke's expert witness, which was factually misleading and in violation of the court's 6 August 1986 order and the deposition notices themselves that fell under Rule 11's prohibition against causing unnecessary delay and needless increase in litigation costs. Violations in *Turner* were considered under both the legal sufficiency prong and the improper purpose prong of the Rule. Likewise, in *Shook v. Shook,* 95 N.C. App. 578, 383 S.E.2d 405 (1989), *disc. rev. denied,* 326 N.C. 50, 389 S.E.2d 94 (1990), "the consistent use of inflated figures in a complaint [for spousal support], *after opportunity to amend,* was sufficient to support an award of sanctions," *Tittle,* 101 N.C. App. at 350, 399 S.E.2d at 375, because the complaint was not "well-grounded in fact" as the Rule requires it to be. The word "consistent" as used there was meant to denote consistency in assertions made throughout the amended pleading, not persistence in perpetrating ungrounded facts.

2. The situation in which one has an *improper purpose* in continuing litigation after subsequent developments in the case render it meritless requires sanctions under Rule 11, but such sanctions are not under the legal sufficiency prong of the Rule.

## BRYSON v. SULLIVAN

[330 N.C. 644 (1992)]

into harmony with other circuits in holding that Rule 11 imposes no continuing duty to conform past pleadings to new events. 2A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1332 (1990).

The legal question of whether a client whose counsel signs a pleading that violates Rule 11 but who does not himself sign the challenged pleading may be subject to sanctions under Rule 11 is not an issue arising on this appeal. The record shows that both of the plaintiffs signed the complaint. The authorities are divided on this question. We do not determine the question in this case, especially when counsel have not had an opportunity to brief and argue the question upon a record in which the issue is properly presented to this Court. We thus leave this question to another day.[3]

Finally, in reviewing the actions of the trial court in applying Rule 11, the appellate court is guided by the familiar rules for appellate review in which

> the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Turner*, 325 N.C. at 165, 381 S.E.2d at 714.

We now discuss the defendants' second statutory argument which was made under N.C.G.S. § 6-21.5. According to the statute,

> In any civil action or special proceeding the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading.

N.C.G.S. § 6-21.5 (1984).

---

3. In this connection, the Advisory Committee on the Federal Rules of Civil Procedure has recently proposed sweeping amendments to Rule 11 which, if adopted, would substantially affect this issue. *See Standing Committee on Rules of Practice and Procedure Proposed Rule 11*, 61 Miss. L.J. 55 (1991).

BRYSON v. SULLIVAN

[330 N.C. 644 (1992)]

In the prior proceedings in this case, proper care has not been taken to differentiate between the application of N.C.G.S. § 6-21.5 and Rule 11. While the language and to some extent the purposes of the two are similar, they operate in very different ways.

[8] The case of *Sunamerica*, 328 N.C. 254, 400 S.E.2d 435, clarifies these differences. Sunamerica argued that an attorneys' fee was improperly ordered because at the time of the filing of the complaint a justiciable controversy had properly been alleged, and it was not until the defendant pled the statute of limitations as a defense that the controversy could conceivably have been considered meritless. However, we held that under N.C.G.S. § 6-21.5, the party against whom attorneys' fees are being considered has "a continuing duty to review the appropriateness of persisting in litigating a claim which [is] alleged [to lack a justiciable issue]." *Sunamerica*, 328 N.C. at 258, 400 S.E.2d at 438. Accordingly, it is appropriate in N.C.G.S. § 6-21.5 cases to read the questionable pleading *with* responsive pleadings to determine whether there exists a justiciable controversy.[4]

Comparing the texts and our jurisprudence of Rule 11 with § 6-21.5, it is clear that Rule 11 allows sanctions for the certification of a court paper that violates the Rule and therefore only the challenged pleading itself is considered. In contrast, N.C.G.S. § 6-21.5 requires review of all relevant pleadings and documents in determining whether attorneys' fees should be awarded.

I.

Turning now to the issues before this Court, we consider whether litigants who rely in good faith upon advice of counsel concerning the legal basis for their claim may have sanctions imposed against them under the legal sufficiency prong of Rule 11 if it is determined that the pleading violates the Rule. Within

---

4. It is instructive for purposes of this opinion to take notice of footnote 1 in the *Sunamerica* opinion, which comments on the ability of a responsive pleading to convert a previously adequate pleading into one containing a *nonjusticiable* controversy:

> This [ability] may be contrasted with the standard applied under N.C.R.Civ.P. 11. *Cf., e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359, 375 (1990) ("[T]he 'violation of [federal] Rule 11 is complete when the paper is filed,'" quoting *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987)).

*Sunamerica*, 328 N.C. at 257, 400 S.E.2d at 437 (alteration in original).

**BRYSON v. SULLIVAN**

[330 N.C. 644 (1992)]

the mushrooming area of Rule 11 law, relatively few cases have arisen in which sanctions are sought against litigants, as opposed to attorneys, because of allegedly insufficient legal claims.

[9] In determining when to make an award under Rule 11 on the ground that a pleading is not warranted by existing law, we adopt the two-part analysis Judge Greene used in the case *sub judice*. *See also* Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 17(B)(1) at 94-95 (Supp. 1991). This approach looks first to the facial plausibility of the pleading and only then, if the pleading is implausible under existing law, to the issue of "whether to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the complaint was warranted by the existing law." *dePasquale*, 102 N.C. App. at 246, 401 S.E.2d at 830.

Thus, the first question is whether the pleading, a complaint in this case, was warranted by existing law as of the time it was signed. As discussed above, the Court of Appeals erred in framing this question by asking whether the complaint *when read in conjunction with the answer* was legally sufficient. Consequently, the conclusion reached by the Court of Appeals is erroneous.

The trial court concluded that on its face the complaint, filed by Lois and Marc Bryson for compensation for services they provided to Millie Bryson and self-dealing on Rachel Sullivan's part, was well-grounded in law. For the purposes of this appeal, we do not need to decide whether that conclusion was sound. Assuming *arguendo* that the complaint is a legally defective pleading, we move on to consider whether "to the best of [Lois and Marc's] knowledge, information, and belief formed after reasonable inquiry the pleading was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." N.C.G.S. § 1-1A, Rule 11(a) (1986).

[10] The first question, then, is what would suffice as a "reasonable inquiry" by Marc and Lois into the legal sufficiency of the claim. We note that represented parties, like their counsel, will be held to an objective standard of reasonable inquiry. *Business Guides*, --- U.S. at ---, 112 L. Ed. 2d at 1159. If, given the knowledge and information which can be imputed to a party, a reasonable person under the same or similar circumstances would have terminated his or her inquiry and formed the belief that the claim

was warranted under existing law, then the party's inquiry will be deemed objectively reasonable.

**[11]**   The next question is what "good faith" means in this context. *Black's Law Dictionary* 693 (6th ed. 1990) defines good faith as "honesty of intention, and freedom from knowledge of circumstances which ought to put [one] upon inquiry." We adopt this general definition for Rule 11 purposes. If in a Rule 11 hearing the court finds, for example, that a client failed to disclose a material fact to counsel, good faith reliance on the attorney's opinion regarding the merits of the case cannot be established.

**[12]**   Here, the trial court found as a fact that the parties "acted in good faith and upon the advice of counsel." We hold that finding to be supported by a sufficiency of the evidence. Lois Bryson was told by counsel that she had grounds for filing a lawsuit, and various anticipated defenses were discussed with her, including, *inter alia*, the consent judgment, which was not considered by counsel to be a bar to plaintiffs' claims against Millie's estate. The Court of Appeals upheld the finding but deemed it insufficient to establish an objectively reasonable belief in the legal validity of the claims. This was error; we reverse the Court of Appeals on this point. We hold that the good faith reliance of Lois and Marc Bryson, as represented parties, on their attorneys' advice that their claims were warranted under the law is sufficient to establish an objectively reasonable belief in the legal validity of their claims.

Further, defendants have failed to show that the Brysons were not acting in good faith in their reliance on their attorneys. While it is clear from the record that the Brysons and their attorneys were aware at the outset of the consent judgment, it is also certain that the attorneys' advice as to the validity of the claims took the consent judgment into consideration. The attorneys opined that the lawsuit was meritorious despite the consent judgment. This evidence supports the finding that the reliance of the Brysons was in good faith.

We therefore hold that the trial judge properly denied the motion for sanctions under Rule 11.

## II.

Next, we consider the propriety of levying Rule 11 sanctions against the Brysons for allegedly interposing their claims for an "improper purpose." This question was not raised directly in the

petition for discretionary review, but because it is intrinsic to the resolution of the case and we find error in its treatment by the Court of Appeals, we address it.

We affirm the Court of Appeals' holding that whether a pleading, motion or other paper was filed for an improper purpose must be reviewed under an objective standard. *Turner*, 325 N.C. at 164, 381 S.E.2d at 713. Here, the burden was on the defendant to prove the existence of such improper purpose.

As the Court of Appeals wrote,

> Here the trial court entered no specific conclusions of law on improper purpose, concluding only that "plaintiffs at all times relied on advice of counsel." The trial court apparently determined that reliance on counsel precluded an order of sanctions based upon improper purpose. This was an incorrect assumption. . . . Therefore, as this conclusion is inadequate to support the order that defendants were not entitled to sanctions for improper purpose, we vacate the trial court's order.

*Bryson*, 102 N.C. App. at 14, 401 S.E.2d at 655.

[13] We agree with the Court of Appeals on this point. Whereas a represented party may rely on his attorney's advice as to the legal sufficiency of his claims, he will be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents, or cause them unnecessary cost or delay. *In re Kunstler*, 914 F.2d 505 (4th Cir. 1990), *cert. denied*, --- U.S. ---, 113 L. Ed. 2d 669 (1991).

[14] However, we disagree with the Court of Appeals' further holding that unless the complaint failed either the legal or factual certification requirement of Rule 11 its filing "cannot be for an improper purpose." *Bryson*, 102 N.C. App. at 14, 401 S.E.2d 655. This is erroneous. Accordingly, we disavow the recent reaffirmations of that notion in *In re Finnican*, 104 N.C. App. 157, 163, 408 S.E.2d 742, 746 (1991) and *Higgins*, 102 N.C. App. 301, 306, 401 S.E.2d 854, 857. The improper purpose prong of Rule 11 is separate and distinct from the factual and legal sufficiency requirements. Certification under the Rule includes three things: That the subject person has read the document, that he or she believes it to be well-grounded in fact and law, "*and* that it is not interposed for any improper purpose." N.C. R. Civ. P. 11(a) (emphasis added).

BRYSON v. SULLIVAN

[330 N.C. 644 (1992)]

This question whether the service or filing of a pleading, motion or other paper for an improper purpose violates the Rule, even if the paper is well-grounded in fact and law, has been the subject of discord among the federal circuits which have addressed it. *Cf., e.g., Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1130 (5th Cir. 1987) and *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986). However, we conclude that our resolution of the issue is the better-reasoned rule. *See generally* Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 13(C) at 184 (1989); 2(A) *Moore's Federal Practice* § 11.02(4) (1991).

[15] Although the trial judge did not make an express conclusion that sanctions were not proper under the improper purpose prong of Rule 11, he did deny the motion for sanctions. As a basis for their motion for sanctions, defendants specifically alleged that the complaint was filed for the improper purpose of harassing defendants, causing delay in the estate proceedings, and needlessly increasing the costs of litigation. Thus, the trial judge, of necessity, denied sanctions on this prong of Rule 11. From our review of the evidence before the trial judge at the hearing on the motion for sanctions, we conclude that the evidence was insufficient to sustain sanctions under this requirement of Rule 11.

Therefore, for the reasons stated, we reverse the Court of Appeals' vacating of the trial court's order denying sanctions under the improper purpose prong of Rule 11.

III.

[16] Finally, we address the argument that attorneys' fees should be awarded to the defendants under N.C.G.S. § 6-21.5. We hold that jurisdiction remains with the court even after dismissal to decide a post-dismissal motion pursuant to this statute, just as we did in the Rule 11 context. Again, even if the dismissal had been without prejudice, Rachel Sullivan would still have been the "prevailing party" for N.C.G.S. § 6-21.5 purposes.[5]

The rule that governs the attorneys' fees issue here was first set forth in *Sunamerica*, 328 N.C. 254, 400 S.E.2d 435. The issue

---

5. In so holding, we overrule *Kohn v. Mug-A-Bug*, 94 N.C. App. 594, 380 S.E.2d 548 (1989), which held that attorneys' fees could not be awarded under N.C.G.S. § 6-21.5 after plaintiffs took a voluntary dismissal without prejudice because there was no adjudication on the merits and thus no "prevailing party."

in *Sunamerica* was whether the trial court erred in awarding attorneys' fees where it found a complete absence of a justiciable issue. Sunamerica Financial Corporation persisted in pursuing the litigation after it was faced with the insurmountable defense of the statute of limitations.

[17] On the facts of the instant case, the consent decree signed by Lois and Marc and other defenses raised in Rachel's answer of 12 March 1990 rendered nonjusticiable all of the claims alleged in plaintiffs' complaint. On 30 April 1990, prior to Judge Allen's summary judgment ruling, Lois and Marc filed a voluntary dismissal with prejudice. Unlike *Sunamerica*, there is no indication in this record that the plaintiffs took any further affirmative action in regard to the lawsuit between the time they received the defendants' answer and the time of the hearing on defendants' summary judgment motion.

We therefore hold that, having dismissed the case some seven weeks after the defenses were asserted and having not pursued the litigation further during those intervening weeks, the Brysons cannot be said to have "persisted in litigating the case after a point where [they] should reasonably have become aware that the pleading [they] filed no longer contained a justiciable issue." *Sunamerica*, 328 N.C. at 258, 400 S.E.2d at 438.

Consequently, we reverse the Court of Appeals' holding as to this issue and affirm the trial court's denial of attorneys' fees under N.C.G.S. § 6-21.5.

[18] We note that the Court of Appeals held that "[w]here appropriate, the trial court may assess the awarded attorney fees against the losing party's attorney," *Bryson*, 102 N.C. App. at 15, 401 S.E.2d at 656, although it also declared, "N.C.G.S. § 6-21.5 does not specify whether it is the losing party or his attorney or both who may be ordered to pay the attorney fees." 102 N.C. App. at 15, 401 S.E.2d at 655. The statute and cases interpreting it reveal no instance in which an attorney has been ordered to pay the prevailing party's attorneys' fees thereunder. The language of the statute, unlike the text of Rule 11, refers in every instance to the "party" without any hint of including counsel in that term. "Because statutes awarding an attorney's fee to the prevailing party are in derogation of the common law, N.C.G.S. § 6-21.5 must be strictly construed." *Sunamerica*, 328 N.C. at 257, 400 S.E.2d at 437. We therefore hold that N.C.G.S. § 6-21.5 does not authorize

the court to require counsel to pay attorneys' fees to the prevailing party.[6]

In summary, on Issue I we hold that litigants who rely in good faith on advice of counsel as to the legal plausibility of their claims are not subject to sanctions under the legal sufficiency prong of N.C.G.S. § 1-1A, Rule 11(a) and reverse the Court of Appeals' order of remand to the trial court.

On Issue II we reverse the Court of Appeals' vacating of the trial court's denial of sanctions based on improper purpose.

On Issue III we reverse the Court of Appeals' remand and affirm the trial court's denial of attorneys' fees under N.C.G.S. § 6-21.5.

Reversed in part and affirmed in part.

---

6. For other methods by which courts may sanction counsel who have abused the judicial process see, e.g., *Chambers v. Nasco, Inc.*, --- U.S. ---, 115 L. Ed. 2d 27.