LASSITER v. N.C. FARM BUREAU MUT. INS. CO.

[106 N.C. App. 66 (1992)]

WILMA Y. LASSITER, Plaintiff v. NORTH CAROLINA FARM BUREAU
MUTUAL INSURANCE COMPANY and GMAC, Defendants

No. 9120DC417

(Filed 7 April 1992)

**1. Rules of Civil Procedure § 11 (NCI3d)— sanctions—finding that action commenced—supported by record**

In a proceeding for the imposition of sanctions under N.C.G.S. § 1A-1, Rule 11, there was ample evidence in the record from which the trial judge could find that plaintiff did in fact institute an action against defendant GMAC where the complaint clearly indicates that GMAC was named as a defendant in the action, the record discloses that GMAC was served with a summons and copy of the complaint, the prayer for relief establishes that plaintiff sought affirmative relief from GMAC in the form of attorney's fees and costs, and a letter to defendant's counsel further indicated that attorney's fees were being sought.

**Am Jur 2d, Actions § 86; Damages § 616.**

**2. Rules of Civil Procedure § 11 (NCI3d)— sanctions—purpose of including party—frivolous**

There was no error in the trial judge's imposition of sanctions under N.C.G.S. § 1A-1, Rule 11, where plaintiff's contention that the purpose of including GMAC as a party in the pleading was to give it notice as a lienholder bordered on the frivolous.

**Am Jur 2d, Damages § 616.**

**3. Rules of Civil Procedure § 11 (NCI3d)— sanctions—ruling by second judge—no error**

The trial judge did not err in ruling on defendant's motion for sanctions and attorney's fees pursuant to N.C.G.S. § 1A-1, Rule 11, in spite of a voluntary dismissal by another judge.

**Am Jur 2d, Damages § 616; Dismissal, Discontinuance, and Nonsuit § 72.**

**Effect of nonsuit, dismissal, or discontinuance of action on previous orders. 11 ALR2d 1407.**

**LASSITER v. N.C. FARM BUREAU MUT. INS. CO.**

[106 N.C. App. 66 (1992)]

APPEAL by plaintiff from *Honeycutt (Kenneth W.), Judge.* Order entered 11 February 1991 in District Court, RICHMOND County. Heard in the Court of Appeals 9 March 1992.

This is a civil action wherein plaintiff seeks to recover the sum of $9,000.00 for damages to her automobile allegedly covered by a collision policy issued by defendant North Carolina Farm Bureau. Plaintiff also named GMAC, the holder of a perfected security interest in the automobile, as a defendant in her complaint and prayed:

4. That the defendants be taxed with the cost of this action, including a reasonable attorney's fee to be taxed as part of the cost of this action and payable to plaintiff's attorney for defendants' willful and wanton refusal to pay the actual cash value of the vehicle.

The record discloses that on 23 May 1988, counsel for defendant GMAC wrote plaintiff's counsel asking him to furnish the theory of liability upon which plaintiff based her action and request for attorney's fees and costs against GMAC. On 25 May 1988, plaintiff's counsel responded as follows:

I have received your letter of May 23, 1988. Please be advised that the only reason GMAC is involved in this case is because they have a lien on my client's car. We are seeking no affirmative relief against GMAC, only relief against N. C. Farm Bureau is being sought. GMAC only has an interest in any proceeds received.

Please do not misconstrue that we are asking for attorney's fees, damages or costs against GMAC, as that is not the case.

On 8 June 1988, defendant GMAC's counsel again wrote plaintiff's counsel requesting that the suit against GMAC be dismissed and advising plaintiff's counsel of his intention to seek sanctions for failure to dismiss GMAC. Plaintiff's counsel responded on 10 June 1988 as follows:

As I have stated to you in my previous letter and I do not intend to state to you again, GMAC is in this case because we have an understanding that they have some lien against the proceeds in the case. I do not know the amount of the lien, nor will I protect GMAC in collecting their lien. We will collect a verdict in this matter. I do not intend to protect

GMAC's lien on the proceeds at all. I intend to collect my attorney's fee, pursuant to the contract I have. If you think your lien ought to be protected, you had better file an Answer in the case. If you think you need to file motions, then get with it. I want to tell you this, if you file frivolous motions, you can expect that you Charlotte attorneys are going to pay a reasonable attorney's fee to plaintiff's attorney in the event that you do not win.

Defendant GMAC filed "Motions and Hypothetical Answer" on 14 June 1988, which pleading contained a motion to dismiss pursuant to Rule 12(b)(6), a motion to strike plaintiff's claim for relief, and a motion to tax both plaintiff and plaintiff's counsel with attorney's fees pursuant to Rule 11.

On 14 February 1989, Judge Michael Beale entered an order allowing plaintiff to voluntarily dismiss her claims for relief against defendant GMAC. On 17 February 1989, plaintiff also filed a voluntary dismissal of her claims against defendant Farm Bureau pursuant to the terms of a settlement agreement reached between those parties.

It was not until 22 January 1991 that defendant GMAC's motion for Rule 11 sanctions against plaintiff came on for hearing before Judge Kenneth Honeycutt. On 11 February 1991 Judge Honeycutt entered an order wherein he made findings of fact and conclusions of law and ordered that plaintiff and her counsel pay defendant GMAC's reasonable attorney fees incurred as the result of this lawsuit in the amount of $1,187.50.

Plaintiff appeals from the order imposing sanctions.

*Henry T. Drake for plaintiff, appellant.*

*Law Office of Michael S. Shulimson, by Mary S. Mercer and Michael S. Shulimson, for defendant, appellee GMAC.*

HEDRICK, Chief Judge.

[1]   On appeal, plaintiff first contends Judge Honeycutt erred in finding that plaintiff had instituted an action against GMAC and that this finding was not supported by the record. We disagree.

Plaintiff's complaint clearly indicates that GMAC was named as a defendant in the action, and the record discloses that GMAC was served with a Summons and a copy of the complaint on 29

**LASSITER v. N.C. FARM BUREAU MUT. INS. CO.**

[106 N.C. App. 66 (1992)]

April 1988. Furthermore, paragraph 4 of plaintiff's prayer for relief establishes that she sought affirmative relief from defendant GMAC in the form of attorney's fees and costs. This prayer for relief is supported by the letter from plaintiff's counsel to defendant's counsel dated 10 June 1988, in which Mr. Drake declares, "you can expect that you Charlotte attorneys are going to pay a reasonable attorney's fee to plaintiff's attorney in the event that you do not win."

We find ample evidence in the record from which the trial judge could find that plaintiff did in fact institute an action against defendant GMAC. Plaintiff's contention is meritless.

[2] Plaintiff next assigns error to Judge Honeycutt's imposition of sanctions pursuant to Rule 11 against plaintiff and plaintiff's counsel. Rule 11(a) in pertinent part provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party . . . the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

In the present case, Judge Honeycutt found that both Mr. Drake and his client signed the complaint causing legal process to be served on defendant GMAC. He further found:

> 16. That Attorney Henry T. Drake, stipulates in open Court that he did not sign the Complaint intending to make a good faith argument for the extension, modification, or reversal of existing law; further, that he offers neither existing law supporting the existence of any justiciable claim in the Complaint against the Defendant G.M.A.C. nor testimony that he has made reasonable inquiry that the claim against the

LASSITER v. N.C. FARM BUREAU MUT. INS. CO.

[106 N.C. App. 66 (1992)]

Defendant G.M.A.C. was well-founded in fact; he offers no explanation as to the basis upon which the Plaintiff declared herself, in the Complaint, to be entitled to receive from the Defendant G.M.A.C. costs and attorney fees.

From these findings, Judge Honeycutt concluded that Mr. Drake and his client had violated Rule 11 and ordered that they pay defendant GMAC's costs and expenses in connection with the defense of the lawsuit.

Although not argued at the motion hearing, plaintiff now contends that the purpose of including GMAC as a party in the pleading was to give it notice as a lienholder. Plaintiff further argues that "[t]o construe this claim as an action against or adverse to GMAC is straining at gnats." We find plaintiff's argument on appeal to border on the frivolous, and in light of plaintiff's stipulations made at the motion hearing find no error in the trial judge's imposition of sanctions pursuant to Rule 11 against plaintiff and her attorney. Plaintiff's assignment of error is meritless.

[3] Finally, plaintiff contends the trial judge erred in ruling on defendant's motion for sanctions and attorney's fees pursuant to Rule 11 after the case was dismissed and adjudicated by another judge. Plaintiff, in his brief, points out that at the time the matter was heard by the trial judge a court ordered voluntary dismissal terminates all pending motions before the court. *Wesley v. Brand*, 92 N.C. App. 513, 374 S.E.2d 475 (1988). We note, however, that in an opinion filed 27 January 1992, the North Carolina Supreme Court ruled that the trial court is not deprived of jurisdiction to determine the appropriateness of sanctions under Rule 11 by plaintiff's filing of an involuntary dismissal. *See Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992). Plaintiff's contention is overruled.

Judge Honeycutt's order entered 11 February 1991 ordering plaintiff and her attorney to pay defendant GMAC's reasonable attorney's fees is affirmed.

Affirmed.

Judges ORR and WALKER concur.